# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-md-03036-RJC-DCK

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036 <br><br> THIS DOCUMENT RELATES TO ALL CASES |

## SECOND PRETRIAL ORDER

**THIS MATTER** comes before the Court following the first pretrial conference in this MDL, held on October 11, 2022 (the "First Pretrial Conference"). At the First Pretrial Conference, counsel indicated that they reached agreement, or are in the process of reaching agreement, on a number of important issues. The Court commends counsel for their efforts on resolving these important issues and encourages counsel to continue in these efforts.

The Court having fully considered the parties' filings before the First Pretrial Conference and the arguments made by counsel at the First Pretrial Conference, **IT IS, THEREFORE, ORDERED** that:

1. **SECOND PRETRIAL CONFERENCE AND AGENDA FOR CONFERENCE**

This matter is set for a second pretrial conference on **November 9, 2022, at 1:00 P.M., Courtroom 8, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202**. The Parties shall confer and file on or before **November 2, 2022**: (1) a joint status report on the status of all matters to which they are ordered to meet and confer, as described herein, plus any additional issues the parties wish to raise with the Court; (2) any motions the parties wish to be heard at the Second Pretrial Conference; (3) any

proposed consent orders for the Court's consideration; and (4) a joint proposed agenda for the Second Pretrial Conference.

Any parties that wish to appear by Microsoft Teams must contact Brittany Lynch, Courtroom Deputy, in the Clerk's Office at least 72 hours before the hearing. The phone number for the Clerk's Office is 704-350-7400, and Ms. Lynch can be reached at 704-350-7409 or via email at Brittany_lynch@ncwd.uscourts.gov.

## 2. LEAD COUNSEL, LIAISON COUNSEL, AND OTHERS

At the First Pretrial Conference, the Court considered the Plaintiffs' and Defendants' recommendation for co-lead and liaison counsel. Without objection, the Court approves Defendants' recommendation for Defendants' co-lead and liaison counsel. The following are **APPOINTED** to serve as Defendants' co-lead and liaison counsel:

| | |
|---|---|
| **Allyson M Julien**<br>Goldman Ismail Tomaselli Brennan & Baum LLP<br>200 South Wacker Drive, Ste 22nd Floor<br>Chicago, IL 60606<br>312-681-6000<br>ajulien@goldmanismail.com | Co-lead Counsel |
| **David Eidson Dukes**<br>Nelson Mullins Riley & Scarborough<br>1320 Main St., 17th Floor<br>Meridian Bldg<br>Columbia, SC 29201<br>803-255-9451<br>david.dukes@nelsonmullins.com | Co-lead Counsel |
| **David Calep Wright , III**<br>Robinson Bradshaw & Hinson,<br>101 N. Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>704-377-8322<br>dwright@robinsonbradshaw.com | Liaison Counsel |

Without objection, the Court approves Plaintiffs' recommendation for Plaintiffs' co-lead and liaison counsel. The following are **APPOINTED** to serve as Plaintiffs' co-lead and liaison counsel:

| | |
|---|---|
| **Bijan Esfandiari**<br>Baum Hedlund Aristei & Goldman<br>10940 Wilshire Blvd., Ste 16th Floor<br>Los Angeles, CA 90024<br>310-207-3233<br>vadlivankina@baumhedlundlaw.com | Co-lead Counsel |
| **K. Rachel Lanier**<br>The Lanier Law Firm<br>21550 W Oxnard St 3rd Floor,<br>Woodland Hills, CA 91367<br>713.659.5200<br>rachel.lanier@lanierlawfirm.com | Co-lead Counsel |
| **Paul J. Pennock**<br>Morgan & Morgan<br>350 Fifth Avenue, Suite 6705<br>New York, NY 10118<br>813-225-6747<br>ppennock@forthepeople.com | Co-lead Counsel |
| **Allison Mullins**<br>Turning Point Litigation<br>Mullins Duncan Harrell & Russell PLLC<br>300 N. Greene St., Suite 2000<br>Greensboro, NC 27401<br>336-645-3321<br>amullins@turningpointlit.com | Liaison Counsel |

The duties of the Court appointed co-lead and liaison counsel are set forth in the *Manual for Complex Litigation, Fourth*.

3. **PLAINTIFFS' COMMITTEE(S)**

Prior to the Second Pretrial Conference, counsel for the Plaintiffs shall, to the extent they have not already done so, confer and seek consensus on the need for any Plaintiffs' committees. If needed, Plaintiffs must file a request for appointment of the specific committee(s) on or before November 2, 2022. Plaintiffs' request shall include Plaintiffs' recommendations for the committee

members, including each proposed members' resume or curriculum vitae, educational background, licensing status, a list of relevant experience with cases in similar areas including prior similar appointments, and how and at what rates members will expect to be compensated or reimbursed for services rendered. The court will give substantial weight to the recommendations submitted for committee members.

4. **CASE MANAGEMENT PLAN**

   a. Pleadings

The parties agreed at the First Pretrial Conference that there is no need for a master or form complaint at this time. As to the outstanding matters, the parties shall meet and confer on the following:

- Deadline for amending pleadings;
- Deadline for filing counterclaims, crossclaims, and third-party complaints;
- Deadline for Federal Rule of Civil Procedure 12 motions;
- Answer deadlines, including consideration of Defendants' proposal at the First Pretrial Conference for a single answer deadline after the Court rules on any Rule 12 motions; and
- Whether Defendants' answer shall be filed as a general denial and affirmative defenses or an answer to each individual complaint.

As noted above, the Parties shall set forth the status of these matters in their joint status report filed on or before November 2, 2022, in anticipation of the Second Pretrial Conference.

   b. Discovery Plan

At the First Pretrial Conference, the parties represented that they agree generally on a timeline for this MDL, but propose differing discovery plans. Defendants propose phased discovery, prioritizing discovery for certain alleged injuries on what they characterize as two

threshold issues: general causation and implied preemption. In addition, Defendants propose a limited workup of "core discovery" for certain Plaintiffs, but not on specific causation. On the other hand, Plaintiffs propose more traditional and complete discovery, including on general and specific causation, for a limited number of Plaintiffs.

The parties are ordered to continue to meet and confer on this issue. The parties shall set forth the status of their efforts on this issue in their joint status report filed on or before November 2, 2022. If the parties cannot reach agreement, each party may provide a statement on their position in the joint status report, and the Court will rule on this issue at the Second Pretrial Conference.

    c. <u>Discovery Disputes and Coordination</u>

In order to achieve the full benefits of the MDL proceedings, this Court may coordinate with state courts presiding over related cases. Similarly, the Court expects the parties to coordinate on discovery and other appropriate pretrial proceedings with any related state court litigation to avoid unnecessary duplication and inconsistency to the extent possible. The parties shall meet and confer on the existing discovery disputes before the hearing on discovery in state court set for November 4, 2022, discussed at the First Pretrial Conference. While the Court cannot command Plaintiffs' counsel's actions as to November 4, 2022 state court hearing, the Court reiterates that it expects full coordination on discovery among this MDL and state court proceedings, to the extent possible. The parties shall set forth the status of their efforts on discovery disputes and coordination in their joint status report filed on or before November 2, 2022.

    d. <u>Fact Sheets</u>

Defendants suggest, and Plaintiffs did not oppose at the First Pretrial Conference, the early use of fact sheets for certain information. The parties shall meet and confer on terms of these fact sheets, related order, and the procedures to efficiently address: (1) failing to produce a Plaintiff

Fact Sheet; (2) producing a deficient Plaintiff Fact Sheet; (3) failing to produce a Defendant Fact Sheet; (4) producing a deficient Defendant Fact Sheet; and (5) assertions that a Plaintiff did not timely file and/or exhaust her or his claims in Vaccine Court as required by law. The parties shall set forth the status of their efforts on the fact sheets in their joint status report filed on or before November 2, 2022.

5. **ADDITIONAL MATTERS**

At the First Pretrial Conference, the parties informed the Court that they are in various stages of agreement on the below issues. The parties shall meet and confer on the following:

- Proper party order
- Wavier of service
- Direct filing order
- Protective order
- ESI order

The Parties shall set forth the status of these matters in their joint status report filed on or before November 2, 2022.

The Clerk of Court is directed to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

Signed: October 13, 2022

Robert J. Conrad, Jr.
United States District Judge