IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>*Aina Rizvi v. Merck & Co., Inc. and Merck Sharp & Dohme Corp., et al.*<br>Civil Action No. 3:22-cv-00433 | MDL No. 3036<br>Civil Action No. 3:22-md-03036 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS, WATCHUNG PEDIATRICS, SUSAN KORB, APN AND VINEETHA ALIAS, D.O.**

RUPRECHT HART RICCIARDULLI & SHERMAN, LLP
Renee J. Sherman, Esq./Attorney ID: 036221992
Jessica J. Mahony, Esq./Attorney ID: 040342008
53 Cardinal Drive, Suite 1
Westfield, NJ 07090
Telephone: 908-232-4800/Fax: 908 232-4801
Attorneys for Defendants, Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O.

JESSICA J. MAHONY, ESQ.
    On the Brief

**STATEMENT OF FACTS**

1. On May 3, 2022, the plaintiff filed the Complaint in this matter alleging medical malpractice against several defendants including Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O. (See Complaint attached as **Exhibit A**).

2. On August 19, 2022, an Answer was filed on behalf of Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O. (See Answer attached as **Exhibit B**).

3. Within the Answer, the defendant demanded an Affidavit of Merit and stated that Dr. Alias is specialist in pediatrics and APN Korb is an advanced practice nurse, and that both were practicing within their specialties at the time they treated the plaintiff. (Ibid).

4. The Answer also contains a separate defense that the action is barred for failure to file an Affidavit of Merit as required by N.J.S.A. 2A:52A-26 et seq. (Ibid).

5. An Affidavit of Merit as to Dr. Alias and APN Korb was due on December 17, 2022.

6. To date, no Affidavit of Merit has been filed as to Dr. Alias or APN Korb.

7. Pursuant to N.J.S.A. 2A:53A-26 et seq., the plaintiff's

Complaint is properly dismissed with prejudice for failure to serve a timely Affidavit of Merit and any and all crossclaims are properly dismissed.

# LEGAL ARGUMENT

## POINT I

**THE COURT MUST GRANT DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT WITH PREJUDICE AS PLAINTIFF HAS FAILED TO SUPPLY AN AFFIDAVIT OF MERIT**

New Jersey's Affidavit of Merit statute provides that:

> In any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]

The statute's goal is to put to rest unmeritorious and frivolous malpractice lawsuits at an early stage of litigation while allowing worthy claims to proceed through discovery and, if warranted, to trial. Knorr v. Smeal, 187 N.J. 169, 176 (2003); Palanque v. Lambert Wooley, 168 N.J. 398, 404 (2001). A plaintiff must show that his complaint is meritorious by obtaining an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional

negligence. N.J.S.A. 2A:53A-27; Palanque, 168 N.J. at 404 (2001). A plaintiff's failure to serve an appropriate affidavit of merit by the applicable deadline is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal with prejudice. N.J.S.A. 2A:53A-29; Palanque, supra, 168 N.J. at 404; Cornblatt v. Barow, 153 N.J. 218, 247 (1998).

The Affidavit of Merit Statute was applied in the United States Court of Appeals for the Third Circuit in Chamberlain v. Giampapa, 210 F.3d 154 2000, where the court determined that the plaintiff's failure to serve an Affidavit of Merit within the 120 days required the Complaint to be dismissed. The court noted "the New Jersey affidavit of merit statute is substantive state late that must be applied by federal courts sitting in diversity." Id. at 161. (See also Nuveen Mun. Trust v. Withumsmith Brown P.C., -- F.3d. --(2014), 2014 WL 1910579, 3d. Cir., filed May 14, 2014 (applying the Affidavit of Merit).

To date, the plaintiff in this litigation has not served or filed an Affidavit of Merit as to defendants, Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O., and the time within which to do so has expired. Failure to serve an Affidavit of Merit constitutes a failure to state a cause of action. N.J.S.A. 2A:53A-29. As the plaintiff has failed to comply with the clear statutory requirements, the Complaint as

to defendants, Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O. must now be dismissed with prejudice.

## POINT II

### THE COURT MUST ALSO DISMISS ANY AND ALL CROSSCLAIMS AGAINST WATCHUNG PEDIATRICS, SUSAN KORB, APN AND VINEETHA ALIAS, D.O.

Dismissal of plaintiff's complaint for failure to serve an Affidavit of Merit as required by N.J.S.A. 2A:53A-27 is a meritorious dismissal and requires dismissal of crossclaims and counterclaims. The defendant recognizes that the codefendants have asserted crossclaims and counterclaims in this case. In Burt v. West Jersey Health Systems, 339 N.J. Super. 296 (App. Div. 2001), the Appellate Division found that where claims against professional defendants were dismissed for failure to serve an Affidavit of Merit, the crossclaims of the co-defendants are also dismissed. In reaching this conclusion, the Appellate Division stated:

> To hold otherwise would not only make the … defendants potentially responsible for damages notwithstanding the dismissal of the case against them with prejudice but would also require them to participate in the trial. We believe the Affidavit of Merit Act was intended not only to insulate a licensed professional form the possibility of responding in damages unless an Affidavit of Merit is timely filed, but also to insulate them from the expense and inconvenience of litigation.
> Id., 339 N.J. Super. at 308.

The Burt court went further and ultimately determined that, if the remaining defendants could prove that the defendant who had been dismissed for no Affidavit of Merit was negligent, the jury could apportion such negligence to that dismissed party. Any negligence attributed to the dismissed defendant by the jury would not be recoverable by the plaintiff. The court reasoned that this result satisfied the legislative purposes of both the Joint Tortfeasors Contribution Act and the Affidavit of Merit Statute. It prevents the remaining defendant from paying for more than its share of the plaintiff's damages and it protects the dismissed defendant from any award against him/her.

Accordingly, pursuant to the Appellate Division ruling in Burt, any crossclaims or counterclaims against Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O. must also be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, defendants, Watchung Pediatrics, Susan Korb, APN and Vineetha Alias, D.O.'s motion to dismiss plaintiff's complaint and crossclaims with prejudice for failure to file an Affidavit of Merit must be granted.

                       RUPRECHT HART RICCIARDULLI & SHERMAN, LLP
                       Attorneys for Defendants,
                       Watchung Pediatrics, Susan Korb, APN and
                       Vineetha Alias, D.O.

By: */s/ Jessica J. Mahony*
     Jessica J. Mahony, Esq.

Dated: December 19, 2022