UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-md-03036-RJC

| | | |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

## THIRD PRETRIAL ORDER

**THIS MATTER** comes before the Court following the second pretrial conference in this MDL (the "Second Pretrial Conference"). The Court having fully considered the Parties' filings and the arguments made by counsel at the Second Pretrial Conference, **IT IS, THEREFORE, ORDERED** that:

**1. THIRD PRETRIAL CONFERENCE AND AGENDA FOR CONFERENCE**

As previously stated in open court at the Second Pretrial Conference and noted on the docket, this matter is set for a third pretrial conference on January 31, 2023, at 9:00 A.M. Courtroom 8, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202. The Parties shall confer and file on or before 12:00 PM on January 30, 2023: (1) a joint status report, including any issues on which the Parties are ordered to meet and confer and any issues the Parties wish to raise with the Court; (2) any motions that the Parties wish to be heard at the Third Pretrial Conference; (3) any proposed consent orders for the Court's consideration; and (4) a joint proposed agenda for the Third Pretrial Conference.

Any Parties that wish to appear by Microsoft Teams must contact Brittany Lynch, Courtroom Deputy, in the Clerk's Office at least 24 hours before the hearing. The phone number for the Clerk's Office is 704-350-7400, and Ms. Lynch can be reached at 704-350-7409 or via email at Brittany_lynch@ncwd.uscourts.gov.

2. **SCIENCE DAY**

This matter is set for a Science Day on January 31, 2023, Courtroom 8, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202. Science day shall commence after the Third Pretrial Conference. The purpose of Science Day is to provide the Court with an overview of the general medical and scientific issues associated with the Gardasil vaccine and the injuries being alleged by Plaintiffs in a non-adversarial format. The Parties have agreed to the following parameters, as modified by the Court, to govern Science Day:

- Attendance will be limited to the Parties and counsel for the Parties, but shall include court staff.
- The topics to be discussed at Science Day will be of a general nature and shall not identify any specific plaintiff.
- The Science Day presentations will be "off the record" and cannot be used by the Parties thereafter for any purpose. However, a court reporter will transcribe the proceedings, and the transcript may be used solely by the Court to refresh its recollection of the Science Day presentations. The transcript costs shall be borne 50% by Plaintiffs and 50% by Defendants. The Parties shall otherwise be solely responsible for their costs and shall not seek to recover same from the other party. No party may obtain the transcript or use the transcript. The Science Day presentations shall not be transcribed by any other means.

- The presentations shall be made by the Parties' attorneys. No witnesses, expert or otherwise, will testify. The Court may ask questions of the presenters as the Court deems appropriate.

- The format will be lecture-style presentations that may incorporate the use of PowerPoint presentations or other demonstrative aids. The PowerPoint presentations will not be exchanged by the Parties at any time, but will be provided to the Court on Science Day for the Court's sole use to refresh its recollection of Science Day.

- The Federal Rules of Evidence will not be enforced during the presentations.

- For the avoidance of doubt, no statements or presentations by counsel nor any PowerPoints or other demonstrative aids used during Science Day shall be discoverable, admissible, shared beyond the instant litigation (MDL No. 3036), or used in any fashion whatsoever for any purpose other than for this Court's benefit to gather informal knowledge at Science Day. However, the Parties agree that they can use their own slides in any manner they wish in the future, subject to any Court rulings about demonstratives.

- The total length of time that will be allotted to Science Day shall be approximately five hours. Plaintiffs and Defendants shall each have a maximum of 2.5 hours to make their respective presentations. Questions from the Court will not count against these time limits. The schedule shall proceed as follows:

    a. Plaintiffs' presentation – up to 2.5 hours

        i. Plaintiffs may reserve up to 15 minutes of their allotted time for a response after Defendants' presentation concludes

    b. 30-minute break, or as otherwise determined by the Court at Science Day

    c. Defendants' presentation – up to 2.5 hours.

- No telephonic or remote access will be permitted, except as requested by relevant judges from pending state court litigation at the time of Science Day.

- Other than attorney or legal assistant notes, any recording of Science Day (including by shorthand or the taking or reproducing of any image/slide in person or through any remote access platform) is strictly prohibited and a violation of this Order.

- Any person who attends Science Day is subject to this Order and the jurisdiction of this Court.

**3. PLAINTIFFS' COMMITTEES**

At the Second Pretrial Conference, the Court considered the Plaintiffs' Joint and Unanimous Recommendation for Appointment of Plaintiffs' Steering Committees (Doc. No. 32). Without objection, the Court approves Plaintiffs' recommendations. Accordingly, the following are **APPOINTED**:

1. <u>Plaintiffs' Executive Committee:</u>

| | |
|---|---|
| **Margery Bronster**<br>Bronster Fujichaku Robbins A Law Corporation<br>1003 Bishop Street, Suite 2300<br>Honolulu, HI 96813<br>808-524-5644<br>mbronster@bfrhawaii.com | **Nicole Lovett**<br>Morgan & Morgan, P.A.<br>201 North Franklin Street<br>Ste 7th Floor<br>Tampa, FL 33602<br>813-221-6582<br>nlovett@forthepeople.com |
| **Aaron Siri**<br>Siri & Glimstad LLP<br>745 Fifth Ave.<br>Suite 500<br>New York, NY 10151<br>212-532-1091<br>aaron@sirillp.com | **Tracy Turner**<br>Pendley, Baudin & Coffin, LLP<br>24110 Eden Street<br>P.O. Drawer 71<br>Plaquemine, LA 70764<br>225-687-6396<br>tturner@pbclawfirm.com |

2. <u>Plaintiffs' Steering Committee</u>

| **Andrew Downing** | **Justin K. Gelfand** |
|---|---|

| | |
|---|---|
| Downing, Allison & Jorgenson<br>3030 N. Central Ave., Suite 507<br>Phoenix, AZ 85012<br>480-701-0999<br>adowning@daj-law.com | Margulis Gelfand, LLC<br>7700 Bonhomme Avenue<br>Suite 750<br>St. Louis, MO 63105<br>314-390-0230<br>justin@margulisgelfand.com |
| **Robert Hatch**<br>Bronster Fujichaku Robbins A Law Corporation<br>1003 Bishop Street, Suite 2300<br>Honolulu, HI 96813<br>808-524-5644<br>rhatch@bfrhawaii.com | **Brian O. Marty**<br>Shindler, Anderson, Goplerud & Weese P.C.<br>5015 Grand Ridge Drive, Suite 100<br>West Des Moines, IA 50265<br>515-223-4567<br>marty@sagwlaw.com |
| **Kim Mack Rosenberg**<br>Mack Rosenberg Law<br>59 Wiggins Street<br>Princeton, New Jersey 08540<br>917-797-8033<br>kim@mackrosenberglaw.com | **Anthony Liberatore**<br>A. LIBERATORE, P.C.<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>424-285-8550<br>anthony@alpc-law.com |
| **Mark Sadaka**<br>Law Offices of Sadaka Associates, LLC<br>155 North Dean Street<br>Suite 4d<br>Englewood, NJ 07631-2524<br>800-810-3457<br>mark@sadakafirm.com | n/a |

3. <u>Federal-State Court Liaison</u>

> **Monique Alarcon**
> Baum Hedlund Aristei & Goldman
> 11111 Santa Monica Boulevard
> Suite 1750
> Los Angeles, CA 90025
> 310-207-3233
> malarcon@baumhedlundlaw.com

Like the appointment of Co-Lead and Liaison Counsel, the appointment to the Plaintiffs' committees is of a personal nature. The appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the committees' exclusive functions,

such as committee meetings and court appearances, except with prior Court approval. Nothing herein shall be construed to preclude the Lead Counsel together with Liaison Counsel from agreeing to permit attorneys not appointed to the committees from assisting with the conduct of this litigation.

Under no circumstances are Co-Lead counsel, Liaison Counsel, or the Plaintiffs' committees members, responsible for the filings, discovery, or any other issue or matter related to an individual Plaintiff's case or claim. More specifically, Co-Lead counsel, Liaison Counsel, or the Plaintiffs' committees members are in no way responsible for the attorney-client relationship and the duties and responsibilities each individual attorney or law firm owe to their clients in prosecution of their individual case.

**4. PLEADING DEADLINES**

By agreement of the Parties, the Court sets the following pleading deadlines in this MDL.

Amended pleadings must be filed on or before January 6, 2023. In the event any cases are selected for bellwether workup and/or remanded, the Plaintiffs in those cases may amend their Complaints to add state-specific claims within 30 days of selection for bellwether workup and/or remand. Counterclaims, crossclaims, and third-party complaints must be filed on or before January 12, 2023.

In the interest of efficiency and in lieu of filing individual Answers in all cases at this time, Merck must file the following on or before January 27, 2023: (1) a general denial, (2) a limited set of admissions to certain allegations, and (3) a preliminary list of affirmative defenses (that are not case-specific or state-specific but rather are applicable to all or most cases in the MDL). By filing a general denial and preliminary list of affirmative defenses, Merck does not waive any state-specific or case-specific defenses in non-bellwether cases (which may be pleaded in a full Answer

upon remand or at another appropriate date), does not waive any of its Federal Rule of Civil Procedure 12(b) defenses in any current or future case in this MDL, and may assert these case-specific defenses by motion at a later date or on remand. In any cases selected for bellwether workup, Merck's case-specific Answers are due within 21 days of bellwether selection or, if Plaintiffs amend these Complaints to add state-specific claims, then within 21 days after these amended pleadings. In the event any cases are remanded, Merck shall file a case-specific Answer within 21 days of remand or, if Plaintiffs amend these Complaints to add state-specific claims, then within 21 days after these amended pleadings.

## 5. RULE 12 MOTIONS

Merck's Federal Rule of Civil Procedure 12 motions in the *Bergin* (W.D.N.C.) and *America* (N.D.N.Y.) cases must be filed on or before February 7, 2023. By filing these motions on a limited set of pleading deficiencies, Merck does not waive any of its Federal Rule of Civil Procedure 12(b) defenses in any current or future case in this MDL, and Merck may assert these case-specific defenses by motion at a later date or on remand.

## 6. DISCOVERY

The Court will phase discovery in this MDL to first prioritize discovery and dispositive motions on general causation and implied preemption. The Court finds that phased discovery is consistent with the *Manual for Complex Litigation* § 22.634 to efficiently resolve complex tort litigation by taking up early in the litigation issues such as "whether the facts and expert evidence support a finding that the products or acts in question have the capacity to cause the type of injuries alleged." Additionally, phasing discovery will more effectively preserve resources and efficiently narrow issues for purposes of dispute resolution and/or remand and trial.

The Parties shall meet and confer on a case management schedule consistent with this Court's ruling, and submit within twenty-one (21) days from the date of this Order a proposed case management order. As agreed by the Parties, initial bellwether selection shall be limited to a select pool of Plaintiffs in this MDL who allege either of the following injuries: Postural Orthostatic Tachycardia Syndrome ("POTS") or Primary Ovarian Failure ("POF")/Primary Ovarian Insufficiency ("POI").

## 7. PLAINTIFF FACT SHEET

Under Federal Rule Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is: (1) relevant to any party's claim or defense; and (2) proportional to needs of the case. In considering proportionality, courts consider (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense outweighs its likely benefits. Information need not be admissible to be discoverable. The Parties disagree on three areas of information Merck seeks through the Plaintiff Fact Sheet.

First, Merck seeks to obtain all documents or filings made on behalf of each Plaintiff in the prior proceedings before the Office of Special Masters in the U.S. Court of Federal Claims ("Vaccine Court"), except attorney billing records. Plaintiffs oppose this request and propose allowing Merck to obtain certain limited information from the Vaccine Court proceedings. The Court finds the Vaccine Court filings are directly relevant to the claims and defenses in this case. The de novo standard of review does not change the relevancy of the information from the Vaccine Court proceedings. Additionally, given the already agreed upon process for Merck to collect Vaccine Court files, and the partial implementation of that process, the Court does not find

collection of the Vaccine Court files to be unduly burdensome. Accordingly, the Court will allow Merck to request all documents or filings made on behalf of each Plaintiff in the Vaccine Court proceedings, except the attorney billing records. However, to the extent Plaintiffs assert that any individual Vaccine Court file contains expert reports, opinions, or other documentation from experts that the Plaintiffs will retain "in anticipation of litigation or to prepare for trial and who [are] not expected to be called as [] witness[es]" pursuant to Federal Rule of Civil Procedure 26(b)(4)(D), then Plaintiffs shall notify Merck of the specific expert reports, opinions, or other documentation and simultaneously file a motion with the Court to determine whether Merck may discover the information contained therein. Upon notice from the Plaintiffs consistent with this Order, Merck shall not review or otherwise access such expert information until the Court rules on the relevant motion.

Next, the Court will allow Merck's full request for Plaintiffs' mental health records at stated in the Parties' status report. The information Merck requests is relevant to the claims and defenses. Plaintiffs' arguments regarding the origin or cause of various medical symptoms are more appropriate for the merits of the claims or defenses rather than relevancy for discovery purposes.

Last, Merck requests a significant amount of information from Plaintiffs' social media and other online posts, as well as photographs and videos of the Plaintiffs. Merck's request is too broad. The Court will allow Merck to request information posted on social media platforms and chatrooms, as well as photographs and videos of Plaintiffs in their possession; however, such requests must be limited only to Plaintiffs' health, vacations, exercise, sports, and recreational activities.

### 8. 2023 PRETRIAL CONFERENCES

This matter is set for monthly pretrial conferences the last Tuesday of every month in 2023, at 11:00 A.M., in Courtroom 8, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202. The Court in its discretion may cancel or reschedule these hearings as needed.

Unless otherwise indicated in this order, before each pretrial conference, the Parties shall confer and file by one (1) week before the pretrial conference: (1) a joint status report, including any issues on which the Parties are ordered to meet and confer and any issues the Parties wish to raise with the Court; (2) any motions that the Parties wish to be heard at the pretrial conference; (3) any proposed consent orders for the Court's consideration; and (4) a joint proposed agenda for the pretrial conference.

Any Parties that wish to appear by Microsoft Teams must contact Brittany Lynch, Courtroom Deputy, in the Clerk's Office at least 48 hours before the hearing. The phone number for the Clerk's Office is 704-350-7400, and Ms. Lynch can be reached at 704-350-7409 or via email at Brittany_lynch@ncwd.uscourts.gov.

The Clerk of Court is directed to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

Signed: January 27, 2023

Robert J. Conrad, Jr.
United States District Judge