| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

## ORDER REGARDING DIRECT FILING OF ACTIONS IN THE WESTERN DISTRICT OF NORTH CAROLINA

### I. SCOPE OF THE ORDER

This Order applies to claims brought by a U.S. citizen or resident based on alleged usage of Gardasil® and/or Gardasil 9® within the United States that are directly filed in this centralized multidistrict litigation ("MDL No. 3036").

### II. DIRECT FILING OF CASES IN MDL NO. 3036

A. Any Plaintiff whose case would be subject to transfer to MDL No. 3036 may file his or her case directly in the Western District of North Carolina ("this District") for pretrial proceedings only, subject to the provisions in this Order.

B. Solely for purposes of pretrial proceedings, Merck will not challenge venue or personal jurisdiction as to any such action filed directly in this District.

C. No *Lexecon* Waiver. For cases filed directly in this District, the Parties preserve and do not waive any and all rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), to have each case remanded to the district of traditional venue for trial.

D. The direct filing of any action in this District, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally properly filed in another district and transferred to this Court pursuant to 28 U.S.C. § 1407. Any choice of law issues will be decided at a later date.

E. The inclusion of any action in MDL No. 3036, whether such action was originally filed in this District or elsewhere, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

F. The transfer of a case filed pursuant to this Order following pretrial proceedings in this MDL does not constitute a determination that jurisdiction or venue is proper in the court to which the case is transferred, unless the MDL Court has specifically found that jurisdiction or venue is proper in the court to which the case is transferred. Neither the existence of this Order nor any of its terms shall in any manner be construed as a waiver of Merck's right to assert that any court lacks personal jurisdiction over Merck or that venue is improper in any district as to any action filed in, transferred from, or transferred to, this MDL.

G. This Court shall not be deemed to be the "transferor court" simply by virtue of the action having been directly filed into MDL No. 3036. Upon completion of adequate pretrial proceedings in MDL No. 3036, this Court, per the Court's discretion and pursuant to 28 U.S.C. § 1404(a), will transfer that case to the federal district court in the district of proper venue as defined by 28 U.S.C. § 1391, based on the district the Plaintiff designates in his or her direct-filed Complaint, in the manner set forth in Paragraph J below. This designated venue will be the presumptive place of remand (a) as long as that venue would be proper pursuant to 28 U.S.C. § 1391, had the complaint been filed in that venue, and (b) as long as defendants would have been subject to personal jurisdiction in that venue, had the complaint been filed there. Should a party submit that the place

of remand should be elsewhere, then that party must make a showing of good cause as to why the case should be remanded elsewhere. Such good cause could include where the Plaintiff resided at the time of vaccination, where Plaintiff resided at time of injury, location of relevant healthcare professionals, or some other factors. Further, the parties may agree to a place of remand different than what the Plaintiff so designates. The Plaintiff's designated venue shall not be considered for purposes of any determination by any court as to whether: (a) the designated district court is a court of proper venue; or (2) the designated district court has personal jurisdiction over Defendants for that Plaintiff's claims.

H. Nothing in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this order in this District.

I. Any complaint that is directly filed in this District for inclusion in MDL No. 3036 before this Court shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **3:22-md-03036-RJC** |
| **GARDASIL PRODUCTS LIABILITY LITIGATION** | ) ) ) ) | **MDL No. 3036** |
| | ) | |
| **JANE DOE,** | ) ) | **DIRECT-FILED COMPLAINT** |
| **Plaintiff,** | ) ) | **Case No.:_____** |
| vs. | ) ) | |
| **MERCK & CO., INC. and MERCK SHARP & DOHME LLC,** | ) ) ) | |

**Defendants.**                    )
_____ )

J.  Each case filed in this District for inclusion in MDL No. 3036 shall contain the following language concerning jurisdiction and venue:

*Plaintiff avers that the federal judicial district in which Plaintiff received his/her first Gardasil dose is [ ].*

*[If applicable: Plaintiff avers that the federal judicial district in which Plaintiff received his/her second Gardasil dose is [ ].]*

*[If applicable: Plaintiff avers that the federal judicial district in which Plaintiff received his/her third Gardasil dose is [ ].]*

*The federal judicial district in which Plaintiff currently resides is [ ].*

*But for the Order permitting direct filing into the Western District of North Carolina pursuant to Order No. , Plaintiff would have filed his/her case in the United States District Court for the [Insert Name of Court and Division, if applicable]. Plaintiff thus hereby designates the United States District Court for the [Insert Name of Court and Division, if applicable] as the place of remand as this case may have originally been filed there.*

K.  When electronically filing the pleadings, the signature block shall follow the below format:

RESPECTFULLY SUBMITTED,
_____/s/ Jane Doe_____
Jane Doe
NAME OF LAW FIRM
ADDRESS
TELEPHONE
FAX
EMAIL@EMAIL.com
Attorney for Plaintiff

L.  Cases directly filed in this Court pursuant to this Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include the parent or legal guardian of a minor, or a spouse in reference to a loss of consortium claim as permitted by law.

M. The proper filing of a complaint in this District for inclusion in MDL No. 3036 pursuant to this Order shall stop the running of any statute of limitations, statute of repose, or prescriptive or preemptive period as if the complaint had been filed in an appropriate venue.

N. Any plaintiff that files a case in this District for inclusion in MDL No. 3036 must note on the civil cover sheet that the case is related to MDL No. 3036.

O. The allowance of filing in this District does not extend to cases that do not include an allegation of a claimed injury identified in the Judicial Panel on Multidistrict Litigation's August 4, 2022, Transfer Order, which provided that "[t]hese personal injury actions present common questions of fact arising from allegations that plaintiffs, or their minor children, developed postural orthostatic tachycardia syndrome (POTS) and various other injuries as the result of an autoimmune reaction to the Gardasil vaccine, which is recommended for the prevention of certain strains of the human papillomavirus (HPV) and various cancers." Upon notice from Merck of an injury facially inconsistent with the Judicial Panel on Multidistrict Litigation's August 4, 2022, Transfer Order, a Plaintiff has 14 days to provide a written statement that the claimed injury is consistent with the Transfer Order. If a plaintiff fails to comply, his or her case shall be transferred to the proper venue pursuant to 28 U.S.C. § 1404(a). All contested issues will be brought before the Court pursuant to a motion for suggestion of remand.

P. Prior to any Plaintiff's lawyer filing a complaint directly in MDL No. 3036, that attorney must register for and have Western District of North Carolina CM/ECF login name and password. Any attorney admitted to practice and in good standing in any United States District Court is admitted pro hac vice in this litigation, and the requirements of Local Rule 83.1 are waived. Association with local counsel is not required. However, all out-of-state counsel will thoroughly familiarize themselves with this District's Local Rules.

**SO ORDERED.**

Signed: January 27, 2023

Robert J. Conrad, Jr.
United States District Judge