# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:22-md-03036-RJC

|  |  |  |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 3036<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |

### STIPULATED PROTECTIVE ORDER

Plaintiffs and Defendants Merck & Co., Inc. and Merck Sharp & Dohme LLC (collectively, "Merck") in the above-captioned action (the "Action") hereby stipulate to the entry of the following protective order. This Order shall apply to all cases that were (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its August 11, 2022 Order; (2) subsequently transferred to MDL 3036 by the JPML pursuant to Rule 7.4 of the Rules of Procedure of that Panel; or (3) originally filed in or transferred or removed to MDL 3036.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity (including discovery requests, discovery responses and the production of documents and/or data) in the Action is only being conducted in furtherance of the prosecution and resolution of the Action. The Parties acknowledge that this Action is likely to involve production of confidential, highly confidential, proprietary, or non-public personal information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, the Parties hereby stipulate to, and request that the Court enter, the following Stipulated Protective Order

Case 3:22-md-03036-RJC   Document 70   Filed 02/14/23   Page 1 of 22

(the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2. <u>DEFINITIONS</u>

2.1. <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential and non-public development, financial or commercial information (including current or prospective confidential research, development, or other highly sensitive data, the disclosure of which to another Party or Non-Party could cause a competitive disadvantage to a Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means, including, for example, pricing and cost data and analyses) or non-public personal information (*e.g.*, medical records, personal medical information, social security numbers, bank account numbers, employee identification numbers and other similar pieces of information), or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

2.2.1. For purposes of this Order, CONFIDENTIAL information includes "Confidential Health Information:" Several discovery requests have been or will be served in this Proceeding which may seek information and documents subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to

provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records

to any entity outside of the requested party.  Consistently, "Confidential Health Information"

means any document or information supplied in any form, or any portion thereof, that identifies

an individual or subscriber in any manner and relates to the past, present, or future care, services,

or supplies relating to the physical or mental health or condition of such individual, the provision

of health care to such individual, or the past, present, or future payment for the provision of health

care to such individual. These terms specifically include "protected health information" as such

term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45

C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and

Accountability Act of 1996. *See* 45 C.F.R. § 160.103 ("protected health information" and

"individually identifiable health information"). "Confidential Health information" includes, but is

not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test

results, notes, dictation, invoices, itemized billing statements, remittance advice forms,

explanations of benefits, checks, notices, and requests. "Confidential Health information" also

includes all notes, summaries, compilations, extracts, abstracts, or oral communications that

contain, are based on, or are derived from confidential health information.

   2.3. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"</u> Information or

<u>Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things

that contain information that is of a particularly sensitive and confidential nature and the

disclosure of which to another Party or non-Party would, in the good faith belief of the

Producing Party, create a significant risk of causing irreparable or substantial harm to the

Producing Party's business information (regardless of how it is generated, stored or maintained)

or tangible things that contain information that is of a particularly sensitive and confidential

nature and the disclosure of which would, in the good faith believe of the Producing Party, be detrimental to the conduct of the Party's business (*e.g.*, trade secrets).

2.4.    <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5.    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or as Confidential Health Information.

2.6.    <u>Disclosure of Discovery Material</u>:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.7.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action, as well as treating physicians who may be asked for their expert opinion concerning certain matters in this action.

2.8.    <u>In-House Counsel</u>:  litigation attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.10.    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent a Party to the Action and/or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.  Any attorney retained to represent a

Party to the Action who has not appeared as counsel of record in the Action but is not affiliated with or contracted by a law firm that has appeared on behalf of that Party must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to review or otherwise access Protected Information. This definition includes any attorney of record for plaintiffs who have filed a lawsuit against Merck in U.S. federal district court or state court alleging personal injury regarding Gardasil and any attorney of record for any co-defendants in other pending U.S. litigation in federal district court or state court alleging personal injury regarding Gardasil— provided that the attorney of record for said plaintiffs or co-defendants is: (a) already operating under a Protective or Confidentiality Order in another jurisdiction where the Gardasil action is pending; or (b) agrees to be bound by this Order and executes the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

2.11. <u>Party</u>: any party to this Action, including all of its current officers, directors, and employees.

2.12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," Confidential Health Information or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

2.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

Producing Party.

3. SCOPE

The protections conferred by this Order cover Protected Material produced in discovery in the Action as well as: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, or compilations of Protected Material; (3) all summaries of Protected Material, but this shall not include allegations in a pleading that are derived from or based on Protected Material providing: (a) that the Protected Material is neither quoted, cited nor referenced in any way and (b) that the source of the allegations being Protected Material is not disclosed in any way; and (4) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain lawfully at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing in the Order shall be interpreted to preclude the Receiving Party from moving the Court to permit disclosure of the Protected Material for good cause shown or to preclude the Designating Party from moving the Court to further restrict disclosure of the Protected Material for good cause shown.

4. DURATION

Nothing contained in this Order shall limit or prohibit any Party's ability to use Protected Material at trial. Unless a petition identifying Protected Material with specificity requiring additional protection is made to the trial judge in advance of the trial, once a case proceeds to

6

trial, Protected Material that is introduced at trial and admitted into evidence pursuant to the Rules of Evidence becomes public, and will be presumptively available to all members of the public. Notwithstanding this Paragraph, any Party may petition the Court to provide additional protections to Protected Material at the time of trial. Where a petition to provide additional protections to Protected Material has been made to the Court in advance of or at the time of trial, the Protected Material identified in said petition shall be treated in accordance with this Order unless the Court has ruled on and denied the petition.

Even after Final Disposition of the Action, for Protected Material not used or introduced at trial, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of: (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

5.  DESIGNATING PROTECTED MATERIAL

5.1.  <u>Exercise of Care and Good Faith in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies for protection under this Order. Each Party or Non-Party may only designate the material it believes, in good faith, is subject to protection under the Federal Rules of Civil Procedure or other applicable law.

5.2.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

7

or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3. Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" to each page that contains Protected Material or, in the case of native file production, in conformity with the Stipulation and Order Regarding Production of Documents and Information. The "Confidential" or "Highly Confidential – Attorneys Eyes Only" designation should not obscure or interfere with the legibility of the designated material.

In the event that an inspection of original documents or materials must occur, a Party or Non-Party that makes original documents or materials available for inspection pursuant to the Federal Rules of Civil Procedure need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY") to each document or page of a document that contains Protected Material.

(b) for testimony given in deposition or in other pretrial proceedings, that all

deposition testimony or testimony during other pretrial proceedings shall be treated as "CONFIDENTIAL" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought. At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated (*e.g.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY").

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

(c)     for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4.     Inadvertent Failures to Designate. If corrected within 90 days after production or

for good cause shown, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Meet and Confer. In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, and describing the basis for each challenge and why the challenged documents are relevant to the litigation to the appropriate Outside Counsel of Record for Designating Party (the "Written Notice"). To avoid ambiguity as to whether a challenge has been made, the Written Notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.2. Judicial Intervention With Respect to Confidentiality Designations. If the challenge cannot be resolved through the meet and confer process, the Designating Party shall apply to the Court for a ruling that a document (or category of documents) designated as Protected Material is entitled to the specified level of protection (the "Designation Motion"):

(a) If a Challenging Party's Written Notice pursuant to paragraph 6.1 above challenges the designation of less than fifty documents, the Designating Party shall have thirty

10

days from the date of the Written Notice to file its Designation Motion.

(b)     If a Challenging Party's Written Notice challenges the designation of fifty to one hundred documents, the Designating Party shall have forty-five days from the date of the Written Notice to file its Designation Motion.

(c)     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

(d)     While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

(e)     If the Designating Party fails to timely file its Designation Motion, absent an agreement between the parties or an order from the Court for an extension of time, then the documents, testimony or information challenged by the Challenging Party shall be de-designated and no longer be deemed or treated as Protected Material.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action and/or pending state court actions alleging personal injury regarding Gardasil only for prosecuting, defending, or attempting to settle the Action and/or a pending state court action alleging personal injury regarding Gardasil.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

11

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action, as well as employees or independent contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of the Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that, if such Expert is acting solely as a Consultant/Non-Testifying Expert and (1) is currently an employee of GlaxoSmithKline (GSK) or (2) is currently consulting with GSK with respect to any HPV vaccine or (3) if such Consultant is developing an HPV vaccine, he or she first complies with the notice requirements of Section 7.4(a) below;

(d)    the Court and its personnel, jurors in the action, any appellate courts and its personnel, Special Master, if one is appointed, and its personnel and mediators and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    witnesses in the Action who have signed the "Acknowledgment and

12

Agreement to Be Bound" (Exhibit A);

(g) witnesses who testify at depositions or at the trial or a hearing in this Action;

(h) Plaintiff's current or former healthcare provider who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to maintain the confidentiality of any document provided that no copies of the Protected Material shall be left in the possession of the healthcare provider witness and copies of that Protected Material shall not be attached to or included with any original or copy of the transcript of any deposition provided to the healthcare provider; however, copies of the Protected Material shall be attached to the deposition transcript and made available for the use of the deponent in the event he or she testifies at trial. Counsel present at the deposition should make a good faith effort to obtain the healthcare provider's agreement on the record to maintaining confidentiality, and no counsel shall make efforts to dissuade the healthcare provider from refusing to agree on the record to maintaining the confidentiality of any such documents; and the author or recipient of a document containing the information.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees or independent contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom

13

disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that, if such Expert is acting solely as a Consultant/Non-Testifying Expert and (1) is currently an employee of GlaxoSmithKline (GSK) or (2) is currently consulting with GSK with respect to any HPV vaccine or (3) if such Consultant is developing an HPV vaccine, he or she first complies with the notice requirements of Section 7.4(a) below;

        (c)    the healthcare provider(s) who recommended or prescribed Plaintiff's Gardasil vaccine dose(s) at issue in the litigation during his or her deposition in this Action provided that he or she has first signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) on the record to maintain the confidentiality of any document. No copies of the Protected Material shall be left in the possession of the healthcare provider witness and copies of that Protected Material shall not be attached to or included with any original or copy of the transcript of any deposition provided to the healthcare provider. Counsel present at the deposition shall obtain the healthcare provider's agreement on the record to maintaining confidentiality consistent with the Protective Order and "Acknowledgment and Agreement to Be Bound" (Exhibit A), and no counsel shall make efforts to dissuade the healthcare provider from refusing to agree on the record to maintaining the confidentiality of any such documents; the Court and its personnel, jurors in the action, any appellate courts and its personnel, Special Master, if one is appointed, and its personnel and mediators and its personnel;

        (d)    the Court and its personnel, jurors in the action, any appellate courts and its personnel, Special Master, if one is appointed, and its personnel and mediators and its personnel;

        (e)    court reporters and their staff, professional jury or trial consultants, mock

jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and

    (f)  the author or recipient of a document containing the information.

   7.4. <u>Procedures for Disclosing Information or Items Designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Pursuant to Section 7.2(c) and 7.3.</u>

    (a)  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party may disclose information or items that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" to an Expert acting solely as a Consultant/Non-Testifying Expert who (1) is currently an employee of GlaxoSmithKline plc ("GSK") or (2) is currently consulting with GSK with respect to any HPV vaccine or (3) if such Consultant is developing an HPV vaccine, pursuant to Sections 7.2(c) and 7.3 above only if that Party first makes a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Consultant/Non-Testifying Expert and the city and state of his or her primary residence; (3) attaches a copy of the Consultant/Non-Testifying Expert's current resume, (4) identifies the Consultant/Non-Testifying Expert's current employer(s), and (5) identifies compensation or funding for work in the Consultant/Non-Testifying Expert's areas of expertise from GSK or from any entity or person who is developing an HPV vaccine at any time during the preceding three years.  If the identity of the individual to whom disclosure is sought is protected pursuant to Fed.R.  Civ. P.  26(b)(4)(D) or otherwise non-

discoverable, the party wishing to make such a disclosure can, in the alterative, provide the Counsel who designated such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.

(b)     A Party that receives a timely written objection must meet and confer with the Designating Party (either in person or by telephone) to try to resolve the matter by agreement within seven days of the written objection. If the dispute is not resolved during the meet and confer, the Party receiving the objection may seek relief from the Court.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party's Counsel and include in such notification a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

16

subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES</u>

9.1. <u>Order Applicable to Non-Parties</u>. The terms of this Order are applicable to information produced by Non-Parties in the Action and designated either by the Non-Party or by any Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

9.2. <u>Request to a Party Seeking Non-Party Confidential Information</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     FILING OF PROTECTED MATERIAL

Pursuant to Local Civil Rule 6.1(b), unless the Court orders otherwise, any documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order that are filed with the Court shall be  filed under seal.  This requirement also applies to  any motion, pleading, declaration, memorandum or other material submitted to the Court that discloses, reveals, incorporates, reflects or otherwise includes, in whole or in part, documents that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."   Pursuant to Local Civil Rule 6.1(g), any materials filed under seal pursuant to this paragraph shall be filed with a non-confidential description of the sealed materials.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party's Counsel of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other action. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13. MISCELLANEOUS

13.1. Right to Further Relief and Modification by the Court. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

13.2. Right to Assert Other Objections. No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on

19

any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3. <u>Right of a Party to Use Its Own Documents</u>. Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way, or documents that are no longer deemed confidential, either by the parties' agreement or by court order.

13.4. <u>Right to Redact Certain Information</u>. The Producing Party may redact Personal Identifying Information, Protected Health Information, non-responsive trade secrets, and any other information required by federal or state law or regulation to be redacted.

14. <u>FINAL DISPOSITION</u>

Within 60 days after this action has reached its Final Disposition (as defined in Paragraph 4 of this Order) each Receiving Party must return all Protected Material obtained in the Action to the Producing Party or destroy such material. As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies of the "Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers and accompanying exhibits, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 27, 2023

Respectfully submitted,

*/s/ Bijan Esfandiari*
Bijan Esfandiari
WISNER BAUM, LLP
11111 Santa Monica Blvd., Suite 1750
Los Angeles, CA 90019
Telephone: (310) 207-3233
Facsimile: (310) 820-7444
besfandiari@wisnerbaum.com

**PLAINTIFFS' CO-LEAD
COUNSEL**

Dated: January 27, 2023

Respectfully submitted,

*/s/ Allyson M. Julien*
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
Allyson M. Julien
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
Telephone: (312) 881-5968
ajulien@goldmanismail.com

**DEFENDANTS' CO-LEAD
COUNSEL**

Signed: February 14, 2023

Robert J. Conrad, Jr.
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ of _____declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of North Carolina, Charlotte Division on _____ in In Re: Gardasil Product Liability Litigation, MDL Docket No. 3036, 3:22-md-03036-RJC.

I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____