**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-md-03036-RJC**

|  |  |  |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 3036<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |

## FIRST CASE MANAGEMENT ORDER

**IN ACCORDANCE WITH** this Court's Third Pretrial Order (Doc. No. 58), the undersigned enters the following agreed discovery schedule and procedures for the selection of cases for the Initial Bellwether Pool:

**I.    Phase I: General and Initial Bellwether Pool Discovery**

1.    The parties agree to the following discovery schedule for general and Initial Bellwether Pool discovery:

| | |
|---|---|
| February 28, 2023 | Parties to simultaneously exchange list of cases in which their client does not waive *Lexecon.* Within one week of exchange, parties to meet and confer regarding whether bellwether selection will be limited to cases where both parties waive *Lexecon*. |
| June 1, 2023 | Selection of 16 bellwether cases ("Initial Bellwether Pool") for core initial workup |
| June 30, 2023 | Plaintiffs' case-specific amended pleadings in 16 bellwether cases due |
| July 21, 2023 | Merck's case-specific answers in 16 bellwether cases due |
| December 14, 2023 | Written discovery deadline |
| February 15, 2024 | Close of fact discovery (all Merck fact discovery and Initial Bellwether Pool core initial workup) |

1

2.      Pursuant to the Third Pretrial Order, selection for the Initial Bellwether Pool shall be limited to a select pool of Plaintiffs in this MDL who allege either of the following injuries: Postural Orthostatic Tachycardia Syndrome ("POTS") or Primary Ovarian Failure ("POF")/Primary Ovarian Insufficiency ("POI").

3.      The pool of cases eligible for inclusion in the Initial Bellwether Pool shall be limited to cases filed and pending in MDL No. 3036 by February 28, 2023.

4.      The two cases currently pending in MDL 3036 that were originally filed in the Western District of North Carolina, *Hilton* (Case No. 5:22-CV-00030) and *Bergin* (Case No. 3:22-CV-00117), shall be included in the Initial Bellwether Pool.

5.      Plaintiffs shall select five bellwether cases for inclusion in the Initial Bellwether Pool. Merck shall select five bellwether cases for inclusion in the Initial Bellwether Pool. Other than *Hilton* and *Bergin*, a plaintiff's Plaintiff Fact Sheet must have been served on Merck by and/or due by the dates identified in the Plaintiff Fact Sheets Order in order for that case to be eligible for inclusion in the Initial Bellwether Pool.

6.      At 12:00 pm Eastern Time, on June 1, 2023, Co-Lead Counsel will exchange emails identifying the Parties' respective selections.  If the Parties' selections overlap, meaning that both Parties selected the same case, an additional case will be selected at random pursuant to Section I, Paragraph 7 of this Order.

7.      An additional four cases (as well as any additional cases to be selected at random pursuant Section I, Paragraph 6 of this Order) shall be selected for the Initial Bellwether Pool at random from the remaining pool of Plaintiffs alleging POTS or POI/POF.  At 2:00 pm Eastern Time, on June 1, 2023, Merck's Co-Lead Counsel (or a designated representative) will provide Plaintiffs' Co-Lead Counsel (or a designated representative) with an alphabetical list (by

Plaintiffs' last names) of remaining cases eligible for selection in the Initial Bellwether Pool with each case consecutively assigned a number beginning with the number 1 (e.g., 1 through 100). At 4:00 pm Eastern Time, on June 1, 2023, the Co-Lead Counsel for the Parties (or their respective designated representative(s)) will join a recorded video conference during which random selections of cases will be made using the numbers from the numerical list provided by Merck via a mutually agreed online number randomizer displayed on a shared screen, until 16 total Initial Bellwether Pool cases are selected.

8.    "Core initial workup" in the 16 Initial Bellwether Pool cases as referenced in Section I, Paragraph 1 above shall be limited to case-specific written discovery and depositions of the plaintiff(s), plaintiff's parents if the plaintiff received any Gardasil doses as a minor (meaning when under the age of 18), the health care provider(s) who recommended each Gardasil dose for plaintiff, and one treating physician of each party's choosing. The Parties shall meet and confer on whether additional case specific discovery, including Merck Sales Force depositions, is appropriate for "core initial workup" in any bellwether case on a case-by-case basis.

9.    After a case is selected for inclusion in the Initial Bellwether Pool, that case can only be voluntarily dismissed with prejudice.

10.    If an Initial Bellwether Pool case selected by Plaintiffs is voluntarily dismissed, it shall not be replaced.

11.    If an Initial Bellwether Pool case selected by Merck is voluntarily dismissed by Plaintiffs more than 120 days before the close of discovery, Merck shall identify a replacement case within 14 days of the dismissal.

12.    If a randomly selected Initial Bellwether Pool case is voluntarily dismissed more

3

than 120 days before the close of fact discovery, the Parties shall identify a replacement case via an agreed online randomizer using the procedure in Section I, Paragraph 7 above.

13. If a randomly selected Initial Bellwether Pool case is voluntarily dismissed less than 120 days before the close of fact discovery, the case will not be replaced.

14. If an Initial Bellwether Pool case selected by Merck is voluntarily dismissed less than 120 days before the close of fact discovery, Merck may identify a case for removal from the Initial Bellwether Pool.

## II. **Phase II: *Daubert* and Summary Judgment Motions**

1. The Parties agree to the following schedule for (i) the Parties' general causation expert discovery and Federal Rule of Evidence 702 *Daubert* motions and (ii) Merck's general causation and preemption motion for summary judgment:

| March 14, 2024 | Plaintiffs' general causation expert reports due |
|---|---|
| April 11, 2024 | Merck's general causation expert reports due |
| May 23, 2024 | Deadline for general causation expert discovery (with Plaintiffs' experts to be deposed first) |
| July 8, 2024 | General causation Rule 702 *Daubert* motions due<br><br>General causation and preemption motion(s) for summary judgment due |
| August 22, 2024 | Oppositions to general causation Rule 702 *Daubert* motions due<br><br>Oppositions to general causation and preemption motion(s) for summary judgment due |
| September 23, 2024 | Replies in support of general causation Rule 702 *Daubert* motions due<br><br>Replies in support of general causation and preemption motion(s) for summary judgment due |

2. Rule 702 *Daubert* motions in this phase will be limited to the issue of general

causation related to the two alleged bellwether injuries: POTS and POF/POI. Summary judgment motions in this phase will be limited to the issues of general causation and preemption related to the two alleged bellwether injuries: POTS and POF/POI.

3.      Upon completion of briefing, a stay of any further discovery will be entered pending the Court's rulings on the parties' Rule 702 *Daubert* motions and Merck's motion(s) for summary judgment.

4.      If (i) an Initial Bellwether Pool case selected by Merck or (ii) a randomly selected Initial Bellwether Pool case is dismissed during the stay, Merck may, within 14 days of the dismissal, identify a case for removal from the Initial Bellwether Pool.

5.       If an Initial Bellwether Pool case selected by Plaintiffs is dismissed during the stay, the case shall be removed from the Initial Bellwether Pool and will not be replaced.

6.      If the Court grants Merck's motion(s) for summary judgment, the parties will submit letters to the Court proposing next steps within 21 days of entry of the Order.

**III.     Phase III: Case-Specific Bellwether Discovery**

1.      Phase III of this Order will be applicable to the extent that the Court denies Merck's motion(s) for summary judgment submitted in Phase II.

2.      At this time, the Parties generally agree to the below schedule if Merck's motion(s) for summary judgment is denied. If Merck's motion(s) for summary judgment is denied, within 21 days, the parties shall meet and confer and submit a proposed date-certain schedule and protocol for any remaining case-specific bellwether discovery, to include the specifics of proposed logistics for the selection of 10 cases from the 16 in the Initial Bellwether Pool for expert workup and the subsequent selection of 6 cases from the 10 cases selected for expert workup for trial-readiness.

| | |
|---|---|
| 4 months after motion for summary judgment ruling | Deadline for remaining fact discovery in 16 bellwether cases |
| 7 days after completion of remaining fact discovery | Selection of 10 cases for remaining expert discovery from 16 bellwether cases |
| 30 days after selection for expert discovery | Plaintiffs' case-specific and other non-general causation expert reports due in 10 cases |
| 30 days after Plaintiffs' expert reports due | Merck's case-specific and other non-general causation expert reports due in 10 cases |
| 60 days after Merck's expert reports due | Deadline for completion of remaining case-specific expert discovery in 10 cases |
| 7 days after expert discovery deadline | Selection of 6 trial-ready cases from 10 expert discovery workup cases |
| 30 days after selection | Case-specific and other non-general causation Rule 702 *Daubert* motions due in 6 trial-ready cases<br><br>Summary judgment motions (on issues other than general causation and preemption) due in 6 trial-ready cases |
| 30 days after *Daubert* and Summary Judgment Motions | Oppositions to case-specific and other non-general causation Rule 702 *Daubert* motions due in 6 trial-ready cases<br><br>Oppositions to summary judgment motions (on issues other than general causation and preemption) due in 6 trial-ready cases |
| 30 days after *Daubert* and Summary Judgment Motion Oppositions | Replies in support of case-specific and other non-general causation Rule 702 *Daubert* motions due in 6 trial-ready cases<br><br>Replies in support of case-specific summary judgment motions (on issues other than general causation and preemption) due in 6 trial-ready cases |

**SO ORDERED.**

Signed: March 9, 2023

Robert J. Conrad, Jr.
United States District Judge