**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-md-03036-RJC**

|  |  |  |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 3036<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |

**PLAINTIFF FACT SHEETS ORDER**

**I.    SCOPE OF ORDER**

This Plaintiff Fact Sheets Order ("PFSO") governs the form and schedule for service of Plaintiff Fact Sheets ("PFS") in all cases that were (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its August 4, 2022 Order; (2) subsequently transferred to MDL 3036 by the JPML pursuant to Rule 7.4 of the Rules of Procedure of that Panel; or (3) originally filed in or transferred to, removed to, or reassigned to MDL 3036.  Collectively, these cases shall be referred to as "Subject Actions."  The obligation to comply with this PFSO and to provide a PFS shall fall solely to the individual counsel representing a plaintiff.  As with all case-specific discovery, the members of the Plaintiffs' Steering Committee ("PSC") or Plaintiffs' Executive Committee ("PEC") are not obligated to conduct case-specific discovery for Plaintiffs whom they have not been individually retained.

**II.    PLAINTIFF FACT SHEETS**

**A.    PFS Requirements**

### 1. Form of PFS

Every plaintiff is required to complete a PFS, consisting of four parts. The four-part form of PFS that shall be used in MDL 3036 for all Subject Actions is attached as **Exhibit A.**

The PFS is a convenient form of propounding interrogatories and request for production of documents. All responses in a plaintiff's completed PFS or any amendment thereto are binding on the plaintiff as if they were contained in responses to interrogatories under Federal Rule of Civil Procedure 33 and responses to requests for production of documents under Federal Rule of Civil Procedure 34, and each PFS shall be supplemented in accordance with Federal Rule of Civil Procedure 26. The completed PFS will be governed by the standards applicable to written discovery under Federal Rule of Civil Procedure 26 through 37.

### 2. Instruction for Completing PFS

The questions and requests for production contained in the PFS are non-objectionable and shall be answered fully, unless information is privileged or protected by the attorney-client privilege.

a. Part I of the PFS requires some basic case information and the production of all medical and pharmacy records collected by the plaintiff or on the plaintiff's behalf, including (but not limited to) collections made by counsel who represent the plaintiff in this litigation and counsel who represented the plaintiff in the United States Court of Federal Claims (hereinafter "Vaccine Court"), except that Mental Health Records only need to be produced if: (a) mental health records were submitted in the plaintiff's Vaccine Court proceeding, (b) the plaintiff is making, or made in Vaccine Court, a claim for mental or psychological injury (excluding a claim solely based on pain and suffering, emotional distress, and/or mental anguish), (c) the plaintiff is claiming, or claimed in Vaccine Court, that she/he/they have POTS, orthostatic intolerance, brain fog, chronic fatigue syndrome, hypotension, hallucinations, severe insomnia, excessive sleep (more than 15 hours per day), non-epileptic seizures, movement disorder, or functional neurologic disorder (FND), (d) Counsel for the plaintiff and Counsel for Merck agree that the Mental Health Records of the plaintiff are discoverable or (e) the Court so orders. It also requires the production of any documents or filings made on a plaintiff's behalf in Vaccine Court, except that attorney billing records submitted to the Vaccine Court may be excluded. The plaintiff shall identify the attorney billing records by Vaccine Court docket number and provide the title of each identified filing. Moreover, if the plaintiff asserts that the "Vaccine Court file contains expert reports,

2

opinions, or other documentation from experts that Plaintiffs will retain 'in anticipation of litigation or to prepare for trial and who [are] not expected to be called as [] witness[es]' pursuant to Federal Rule of Civil Procedure 26(b)(4)(D)," the plaintiff must identify those filings by Vaccine Court file docket number and provide the title of those filing. *See* Third Pretrial Order (Doc. No. 58). Pursuant to the Third Pretrial Order (Doc. No. 58), the plaintiff must simultaneously file a motion with the Court regarding those expert reports, opinions, or other documentation from experts that the plaintiff identifies. Finally, Part I of the PFS also requires that the plaintiff provide authorizations and other required documentation to Merck and its vendor that enables Merck and its vendor to collect certain relevant records. The requirements related to authorizations are described more fully in Section II.A.3, below.

b. Part II of the PFS requires the plaintiff to provide relevant information. Each question below must be answered truthfully and completely to the best of plaintiff's knowledge, information, and belief. Plaintiff has an obligation to provide information that is available to plaintiff or under the plaintiff's control (including medical records collected on plaintiff's behalf) and cannot limit the answers simply to what is within the plaintiff's own knowledge. PFS – Part II also requires the plaintiff to provide additional authorizations for various entities. The Declaration in Section IV of PFS – Part II must be signed and dated by the plaintiff or plaintiff representative. For Mental Health Records (as that term is defined in the Plaintiff Fact Sheet) collected by Merck using an authorization or subpoena, Plaintiffs shall have 15 days from the date the records are obtained to redact appropriate third-party personal information and/or non-discoverable protected information including, but not limited to, private third party information, bank account information, and employment information related to non-parties. Redactions must be made in accordance with the terms of any ESI order entered in this case. Absent agreement among the parties or a motion to extend the time filed by Plaintiff, Merck shall be granted access to the Mental Health Records obtained by authorization or subpoena after the fifteen (15) day period expires. Plaintiffs will bear the costs of any redactions or related processing of materials redacted pursuant to this paragraph. In the event of an inadvertent production of private third-party information, the parties will cooperate to resolve the issue. In the event of a dispute regarding Mental Health Records redactions, Merck may request additional information about any redactions that have been made, and the parties shall meet and confer before addressing any issue with the Court.

c. Part III of the PFS requires the plaintiff to produce documents other than those produced in response to PFS – Part I. The plaintiff must produce all responsive documents requested in the PFS – Part III, to the extent the documents are in the plaintiff's possession, custody, or control, and not otherwise privileged or protected by the attorney-client privilege.

d. Part IV of the PFS must be completed once the plaintiff's case is selected for a bellwether pool or is otherwise selected for individual case work up. Part IV requires the plaintiff to produce documents other than those produced in response to PFS – Part I and PFS – Part III, to the extent the documents are in the plaintiff's possession, custody, or control.

The above does not prohibit a plaintiff from withholding or redacting information on the basis of a recognized privileged. To the extent any plaintiff withholds or redacts any information on the grounds of privilege, the plaintiff shall identify the privilege being asserted in his/her/their PFS in a privilege log to be produced pursuant to the Privilege Log Protocol to be negotiated and entered in MDL 3036.

Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions or the admissibility of evidence at trial. Additionally, once a case is selected for a bellwether pool or is otherwise selected for individual case work up, Merck may serve additional discovery requests.

### 3. Plaintiff's Obligation to Provide Signed Authorizations

Contemporaneous with the submission of PFS – Part I and PFS – Part II, each plaintiff shall also produce various signed authorizations. Attached as Exhibit 1 to the PFS – Part I is an authorization for the release of a plaintiff's Vaccine Court file to Merck's counsel and/or Merck's medical records collection vendor, Litigation Management, Inc. ("LMI"). Each plaintiff must complete and sign that authorization and provide with it a copy of the plaintiff's valid, non-expired government-issued ID (e.g., a driver's license or passport). Attached as Exhibits 2-3 to the PFS – Part I and attached as Exhibit A-C to the PFS – Part II, are authorizations for the release to Merck's counsel and/or LMI of medical, insurance, employment, educational, Medicare, and Social Security records. The authorizations attached to the PFS may be amended or substituted over time should they become outdated and to the extent that additional form authorizations would facilitate the collection of records in the Subject Actions. These authorizations, once signed by the plaintiff, constitute permission for Merck's counsel and/or LMI to obtain the records specified in the authorizations from the records custodians. In the case of the Vaccine Court file, Merck will submit a signed authorization together with a copy of the plaintiff's valid, non-expired government-issued ID to the Department of Justice, at which point the Department of Justice will also sign an

authorization to permit the release of the plaintiff's Vaccine Court file. Both authorizations will be submitted to the Clerk's Office for the United States Court of Federal Claims, which will then transmit the plaintiff's Vaccine Court file to LMI. Any docket entries identified by plaintiff in the PFS – Part I containing attorney billing records will not be made available to Merck's counsel. Additionally, any document entries identified by plaintiff in the PFS – Part I containing "expert reports, opinions, or other documentation from experts that Plaintiffs will retain 'in anticipation of litigation or to prepare for trial and who [are] not expected to be called as [] witness[es]' pursuant to Federal Rule of Civil Procedure 26(b)(4)(D)" will not be made available to counsel for Merck and Merck's counsel will only be provided access to those documents in accordance with any ruling made by the Court on the plaintiff's motion related to those submissions. The Parties will work together to ensure that the relevant docket entries related to attorney billing records and expert reports are handled in accordance with the Court's direction.

  If Merck wishes to obtain records from any custodian of records whose records were submitted in Vaccine Court or whom the plaintiff identified in the PFS, including, but not limited to, any who will not accept authorizations in the form that a plaintiff executed pursuant to this PFSO, the plaintiff will cooperate with Merck and provide the necessary authorization(s). If additional authorizations are required for a specific provider or facility identified in the PFS, the plaintiff shall provide the additional executed authorizations within ten (10) days of receipt of a written request to provide such additional authorizations. If the plaintiff does not provide the authorization within ten (10) days, Merck may then submit to the Court a motion to compel.

  If Merck wishes to obtain records from a source not identified in the Vaccine Court file or public docket or in the PFS, Merck shall provide plaintiff's counsel of record in that particular case with written notice of its request for an authorization, attaching the authorization required by that

provider or facility. Within ten (10) days of receiving that notice, plaintiff's counsel shall either object to Merck's request or provide an executed authorization. If plaintiff's counsel objects to Merck's request, plaintiff's counsel and Merck's counsel shall meet and confer within five (5) business days of the date of the objection to attempt to resolve the objection. If plaintiff's counsel fails to object to the request or provide the requested authorization within ten (10) days, or if counsel are unable to resolve the objection after a meet-and-confer has been held over an objection, Merck may file a motion to compel.

If a Health Care Provider and/or records custodian refuses to comply with a request for production of records or refuses to speak to LMI in a particular case, the plaintiff's principal attorney must meet and confer with counsel for Merck. Merck may request that the individual plaintiff's counsel attempt to confer with the Health Care Provider and/or records custodian's office to mediate its refusal.

**B. Schedule for Service of PFS**

**1. Subject Actions Currently Pending in MDL 3036**

As agreed by the Parties, all plaintiffs whose cases are currently pending in MDL 3036 as of the date of this PFSO must serve Merck with:

a. a complete PFS – Part I, including all responsive documents and authorizations, by March 9, 2023 (irrespective of whether this Order is entered by the Court on that date);

b. a complete and verified PFS – Part II, including all authorizations, by March 30, 2023 (irrespective of whether this Order is entered by the Court on that date);

c. a complete PFS – Part III, including all responsive documents, by April 20, 2023 (irrespective of whether this Order is entered by the Court on that date); and

d. a complete PFS – Part IV, including all responsive documents, within thirty (30) days from the date the case is selected for a bellwether pool or is otherwise selected for individual case work up.

### 2. Subject Actions Later Made Part of MDL 3036

For any plaintiff whose case is not pending in MDL 3036 as of the date of this PFSO, but whose case is later filed in, transferred to, removed to, or reassigned to MDL 3036, such plaintiff must serve Merck with:

a. a complete PFS – Part I, including all responsive documents and authorizations, within thirty (30) days of the date the complaint is filed or within thirty (30) days of the receipt of the case in the Western District of North Carolina, whichever is later;

b. a complete and verified PFS – Part II, including all authorizations, within sixty (60) days of the date the complaint is filed or within forty-five (45) days of the receipt of the case in the Western District of North Carolina, whichever is later;

c. a complete PFS – Part III, including all responsive documents, within seventy-five (75) days of the date the complaint is filed or within sixty (60) days of the receipt of the case in the Western District of North Carolina, whichever is later; and

d. a complete PFS – Part IV, including all responsive documents, within thirty (30) days from the date the case is selected for a bellwether pool or is otherwise selected for individual case work up.

### C. Service of PFS

Each Part of the PFS, all responsive documents, and all authorizations shall be served electronically on Defendants' Counsel at the following email address:

7

GardasilFactSheets@venable.com.  The production of responsive documents should comply with the requirements of any ESI order entered in this matter.

Concurrent with service to Merck, the plaintiff shall serve each Part of the PFS, all responsive documents, and all authorizations upon the Plaintiffs' Lead Counsel and Liaison Counsel by sending an email to GardasilPFS@lanierlawfirm.com.

Should a Health Care Provider and/or records custodian require an authorization with an original signature, Merck's counsel will notify the plaintiff's counsel of record, who will provide Merck with a hard copy of the authorization within ten (10) days of receipt of the request from Merck's counsel.

### D.    Substantial Completion

In completing the PFS, every plaintiff is required to provide a PFS that is substantially complete in all respects.  For a PFS to be "substantially complete in all respects," the responding plaintiff must: (1) answer the questions contained in the PFS truthfully and completely to the best of plaintiff's knowledge, information, and belief; and (2) comply with the instructions set forth in Section II.A.2-3 above.

### E.    Non-Compliance with PFS Requirements

#### 1.    Non-Compliance with PFS – Part I Requirements

If Merck has not received from the plaintiff or the plaintiff's representative a substantially complete PFS – Part I fulfilling the requirements of Section II.A.2.a of this PFSO by the due date set forth in Section II.B.1.a or II.B.2.a of this PFSO, Merck may send a "Alert of Non-Compliance with PFS – Part I Requirements" by email to plaintiff's counsel of record using the email address(es) identified on the individual case docket in the U.S. District Court for the Western District of North Carolina's ECF system.  A courtesy copy of the email shall be sent via email to

the PEC's designee at GardasilPFS@lanierlawfirm.com. The email will state the basis for Merck's contention that the plaintiff has not complied with the obligations to provide a PFS – Part I.

Plaintiff will have an additional twenty (20) days to correct the alleged deficiency(ies) and telephonically or virtually meet and confer with Merck's counsel, if plaintiff chooses to do so. Failure of plaintiff's counsel to meet and confer does not delay Merck's ability to file motions under this Section with the Court. If, for good cause, plaintiff needs time beyond the twenty (20) day period, counsel for plaintiff and counsel for Merck shall negotiate a reasonable extension of this deadline.

If plaintiff has not provided a substantially complete PFS – Part I within twenty (20) days after receiving the "Alert of Non-Compliance with PFS – Part I Requirements," (i.e. (i) fail to cure the stated deficiency(ies); (ii) fail to assert objection to same; (iii) fail to participate in the meet and confer process; or (iv) otherwise fail to provide responses (including the requested documents and/or signatures), and absent agreement of the Parties to further extend the period for meeting and conferring, Merck may then file a Motion to Compel the allegedly deficient discovery information. Any such filing shall be via ECF, with a courtesy copy via email to plaintiff's attorney of record and via email to the PEC's designee at GardasilPFS@lanierlawfirm.com. Any response to such motion shall be filed and served within ten (10) days following the date of service. Any reply, if necessary, shall be filed within five (5) days following the date of service of the opposition. The Parties agree that in the event that plaintiff has failed to provide a substantially complete PFS – Part I, Merck may seek, as part of its Motion to Compel, and the Court may grant, at its discretion, a dismissal of the case without prejudice. If a plaintiff fails to timely respond to Merck's Motion to Compel as required by this

paragraph, absent agreement by the Parties, any request to dismiss will be deemed uncontested and the plaintiff's case will be dismissed without prejudice.

## 2. Non-Compliance with PFS – Part II, PFS – Part III, and PFS – Part IV Requirements

If Merck has not received from the plaintiff or the plaintiff's representative a substantially complete PFS – Part II fulfilling the requirements of Section II.A.2.b, a PFS – Part III fulfilling the requirements of Section II.A.2.c, or a PFS – Part IV fulfilling the requirements of Section II,A.2.d of this PFSO by the due date set forth in Section II.B.1 – II.B.2 of this PFSO, or if Merck receives a PFS, or a Part of a PFS, that contains deficient responses, Merck will send a Notice of Overdue or Deficient Discovery ("Deficiency Notice") to that plaintiff's counsel of record using the email address(es) identified on the individual case docket in the U.S. District Court for the Western District of North Carolina's ECF system. A courtesy copy of the email shall be sent via email to the PEC's designee at GardasilPFS@lanierlawfirm.com. The Deficiency Notice will identify with specificity the overdue discovery or the deficiency(ies) and/or failure(s) identified in the PFS. Such Deficiency Notice shall also state that, unless the plaintiff complies with the Court's discovery orders, the case may be subject to dismissal. Within thirty (30) days of Merck's transmittal to a plaintiff's counsel of a Deficiency Notice, plaintiff's counsel shall, if plaintiff chooses to do so, initiate and participate in a meet and confer with Merck's counsel on the substance of the notice. This requirement, whether fulfilled or not, does not affect or toll the deadlines set forth below.

At any time following the expiration of the thirty (30) day period after plaintiff received the Deficiency Notice, absent agreement of the Parties to further extend the period for meeting and conferring, Merck may file a Motion to Compel if the individual plaintiff has (i) failed to cure the stated deficiency(ies) (ii) failed to assert objection to same; (iii) failed to

participate in the meet and confer process; or (iv) otherwise fail to provide responses (including the requested documents and/or signatures). Any such filing shall be via ECF, with a courtesy copy via email to plaintiff's attorney of record and via email to the PEC's designee at GardasilPFS@lanierlawfirm.com. The plaintiff shall have fourteen (14) days from the date of Merck's motion to file a response. Thereafter, Merck shall have seven (7) days to file a reply. The Parties agree that in the event that plaintiff has failed to provide a substantially complete PFS – Part II, III, or IV (as applicable), Merck may seek, as part of its Motion to Compel and the Court may grant, at its discretion, a dismissal of the case without prejudice. If a plaintiff fails to timely respond to Merck's Motion to Compel as required by this paragraph, absent agreement by the Parties, any request to dismiss will be deemed uncontested and the plaintiff's case will be dismissed without prejudice.

### 3. Notice to the Court

All pending motions to dismiss and any PFS deficiency issues that remain outstanding for more than sixty (60) days after the PFS was originally due pursuant Section II.B.1 – II.B.2, shall be identified for the Court in the Parties' Joint Status Report – due one week before the MDL conference.

### 4. Procedure Relating to Orders of Dismissal

If the Court enters an Order of Dismissal Without Prejudice due to a non-compliant fact sheet or authorizations, any motion to vacate the Order of Dismissal Without Prejudice must be filed within thirty (30) days. Where a plaintiff files a motion to vacate for good cause, Merck may file its opposition, if any, within fourteen (14) days, and the plaintiff's reply, if any, is due within seven (7) days of Merck's opposition.

If a plaintiff fails to move to vacate the dismissal within thirty (30) days, the Order will be converted into an Order of Dismissal with Prejudice.

### E. Failure to File Claim(s) in Vaccine Court

If a plaintiff's response to Section II of his/her/their PFS – Part I and/or Merck's attempted collection of his/her/their Vaccine Court file indicates that he/she/they never filed a claim in Vaccine Court related to his/her/their alleged Gardasil injuries claimed in their federal lawsuit, Merck may move to dismiss that plaintiff's claim. This provision does not waive Merck's right to later challenge whether a plaintiff timely filed a claim in Vaccine Court, whether a plaintiff properly exhausted a claim in Vaccine Court, and/or other aspects of a plaintiff's compliance with the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300a-1 – 300aa-34.

### F. Cost Sharing and Availability of Records Collected Pursuant to Authorizations

Merck shall ensure that its outside medical records collection vendor, LMI, makes available to the plaintiff's counsel via a secure web portal maintained by the vendor any and all records collected by or on behalf of Merck pursuant to any authorization provided in accordance with this PFSO. LMI will charge an individual plaintiff's counsel a one-time fee of $30 per provider for any records that the individual plaintiff's counsel wishes to view and/or download.

LMI shall have the right to contact Health Care Providers and/or records custodian(s), but only as necessary to follow up on medical record collection, copying, or production.

### G. Documents Obtained Designated As Confidential.

Any records obtained pursuant to an authorization provided by any plaintiff pursuant to this PFSO shall be deemed confidential under the terms of the Stipulated Protective Order (Doc. No. 70) entered in this MDL.

**SO ORDERED.**

Signed: March 9, 2023

Robert J. Conrad, Jr.
United States District Judge

## EXHIBIT A – PLAINTIFF FACT SHEETS ORDER

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:22-md-03036-RJC

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036 |
| | THIS DOCUMENT RELATES TO ALL CASES |

### PLAINTIFF FACT SHEET

Each plaintiff who alleges personal injury as a result of receiving a Gardasil vaccination and who has filed a lawsuit in the above-captioned matter (this "litigation") must complete a Plaintiff Fact Sheet ("PFS"), consisting of four (4) parts. Parts I, II, and III are to be completed by or on behalf of all Plaintiffs. Part IV is to be completed in those cases selected for individual case work up or which have been selected as part of the bellwether process.

If the PFS is completed by someone serving in a representative capacity, the representative should answer the PFS as completely as possible. Those questions using the term "Plaintiff" or "you" refer to the person who received Gardasil. If the individual is deceased, the representative should respond as of the time immediately before his/her/their death, unless a different time period is specified.

Each question below must be answered truthfully and completely to the best of Plaintiff's knowledge, information, and belief. Plaintiff has an obligation to provide information that is available to Plaintiff or under the Plaintiff's control (including medical records collected on Plaintiff's behalf) and cannot limit the answers simply to what is within the Plaintiff's own knowledge.

In completing this PFS, please use the following definitions: (1) The term **"Gardasil"** includes Gardasil® and Gardasil®9; (2) "you" refers to the person who received Gardasil, unless otherwise specified; (3) **"Health Care Provider"** means any hospital, clinic, medical center, physician's office, urgent care center, infirmary, laboratory, or other facility that provides medical care, with the exception of mental health care, and any pharmacy, physical therapist, rehabilitation specialist, physician, osteopath, homeopath, chiropractor, nurse or nurse practitioner, or any other

persons or entities involved in the, care and/or treatment of you; (4) "**Mental Health Care Provider**" means any professional (including physicians, therapists, social workers, and counselors) whose practice primarily involves the diagnosis of mental health conditions and/or the treatment of mental health conditions; (5) **"Mental Health Records"** means the records of any Mental Health Care Provider, (6) "**social media**" should include but not be limited to Facebook, Myspace, Twitter, Tumblr, Pinterest, Instagram, LinkedIn, YouTube, Flickr, Snapchat, TikTok, Google, and BeReal; and (7) **"document"** means any writing or record of any type in your possession or the possession of your attorney, including, but not limited to, written documents, electronic documents, e-mails, text message, social media posts, cassettes, videotapes, DVDs, photographs, medical records, charts, health or activity data or information tracked by a device, application, or phone, computer discs, tapes, or COs, x-rays, drawings, graphs, non-identical copies, and other data from which information can be obtained and translated, if necessary, through electronic devices into a reasonably usable form. **Plaintiff may attach as many sheets of paper as necessary to fully answer the questions in this PFS. When attaching additional sheets, clearly label what question the answer pertains to.**

If a response provided in this Plaintiff Fact Sheet is discovered to be incomplete or inaccurate, the response must be updated promptly.

Information provided will only be used for purposes related to this litigation and may be disclosed only as permitted by the Protective Order in this litigation. This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery.

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036 |
| | THIS DOCUMENT RELATES TO ALL CASES |

## PLAINTIFF FACT SHEET – PART I

**I.     CASE INFORMATION**

**A.     State the following for the civil action that you have filed against Merck:**

    1. Case name/caption: _____

    2. Docket/case number: _____

    3. Court in which the case was originally filed:_____

**B.     Provide the indicated information for the attorney/firm representing you:**

    1. Name of principal attorney:_____

    2. Firm Name:_____

    3. Firm Address:_____

    4. Firm Telephone:_____

    5. E-mail address:_____

**C.     If you are completing this questionnaire on behalf of someone else (e g., a minor, deceased, or an incapacitated person), complete the following:**

    1. Your name: _____

    2 Your current address: _____

    3. Relationship to the person:_____

    4. If you were appointed by a court, state the Court and Date of Appointment:_____
    _____

    5. If you represent a decedent's estate, state the place and date of the decedent's death:
    _____

## II. VACCINE COURT CASE INFORMATION

1. Have you filed a petition in Vaccine Court related to your Gardasil vaccination?
   ❏ Yes ❏ No

2. Please provide the following information regarding that petition:

   a. Case name/caption: _____
   b. Docket/case number: _____
   c. Date Vaccine Court petition filed: _____
   d. Date you filed an Election under Section 21 of the Vaccine Act: _____

## III. SELECT REQUESTS FOR PRODUCTION OF DOCUMENTS

These initial document requests are made pursuant to Federal Rule of Civil Procedure 34. Please check "Yes" or "No" as appropriate below to indicate whether any of the documents described below are in your possession, custody, or control. If, "yes," produce a copy of all the documents in the manner set forth in ESI Order that is entered in this litigation.

| Ref. No. | Category/Description | Yes | No |
|---|---|---|---|
| 1. | Plaintiff's medical records (including Mental Health Records) obtained from any source. This request does not seek Plaintiff's Mental Health Records, unless (a) mental health records were submitted in Plaintiff's Vaccine Court proceeding, (b) Plaintiff is making, or made in Vaccine Court, a claim for mental or psychological injury (excluding a claim solely based on pain and suffering, emotional distress, and/or mental anguish), (c) Plaintiff is claiming, or claimed in Vaccine Court, that she/he/they have POTS, orthostatic intolerance, brain fog, chronic fatigue syndrome, hypotension, hallucinations, severe insomnia, excessive sleep (more than 15 hours per day), non-epileptic seizures, movement disorder, or functional neurologic disorder (FND), (d) Counsel for Plaintiff and Counsel for Merck agree that the Mental Health Records of the Plaintiff are discoverable or (e) the Court so orders. | ❏ | ❏ |
| 2. | Prescription records for any medication taken by Plaintiff obtained from any source | ❏ | ❏ |
| 3. | Any documents or filings made on your behalf in Vaccine Court, except that attorney billing records submitted to the Vaccine Court may be excluded. Plaintiff identifies the following Vaccine Court docket entries as containing attorney billing records:<br><br>• [Docket No. and name of filing]<br><br>•<br><br>If, pursuant to The Third Pretrial Order (Docket #58), Plaintiff asserts that the "Vaccine Court file contains expert reports, opinions, or other | ❏ | ❏ |

17

| Ref. No. | Category/Description | Yes | No |
|---|---|---|---|
| | documentation from experts that Plaintiffs will retain 'in anticipation of litigation or to prepare for trial and who [are] not expected to be called as [] witness[es]' pursuant to Federal Rule of Civil Procedure 26(b)(4)(D)," identify by Vaccine Court docket number the specific expert reports, opinions, or other documentation over which Plaintiff makes such an assertion:<br><br>• [Docket No. and name of filing]<br><br>•<br><br>Those docket entries will be sequestered from the production by LMI and not made available to Merck unless the Court denies Plaintiff's motion made pursuant to and under the terms of Third Pretrial Order, Section 7. | | |

## IV. SELECT AUTHORIZATIONS

Please complete and execute the select authorizations identified below. Please note that some authorizations must be notarized. The authorizations are attached hereto as exhibits.

1. Exhibit 1 is an authorization for the release of Plaintiff's Vaccine Court file. Plaintiff must also attach to this authorization copy of a government-issued ID (e.g., a driver's license or U.S. passport). Any docket entries specifically identified in the above table related to Category/Description No. 3 will be screened from any production of the Vaccine Court file prior to Merck receiving a copy.

2. Exhibit 2 contains proprietary authorizations required by certain providers. Please complete and execute any of those authorizations that pertain to Plaintiff. A listing of the authorizations is included on the cover page of Exhibit 2 and may be updated as the parties learn of additional providers who require a proprietary authorization and/or an existing authorization is updated by the provider.

3. Exhibit 3 is a blank HIPAA-compliant authorization. Please provide a signed authorization for each Health Care Provider, Mental Health Care Provider (if applicable), pharmacy, hospital, or other facility referenced in Plaintiff's PFS or in Plaintiff's Vaccine Court file. With Part I, authorizations should be provided for each Health Care Provider, Mental Health Care Provider (if applicable), pharmacy, hospital, or other facility identified in Vaccine Court or otherwise known to Plaintiff. If additional Health Care Providers, Mental Health Care Providers (if applicable), pharmacies, hospitals or other facilities are identified as Plaintiff completes or supplements Part II, authorizations for those persons/entities should be provided when Part II is submitted and/or supplemented. Each separate authorization provided by Plaintiff's Counsel must be specific to the Health Care Provider, Mental Health Care Provider (if applicable), pharmacy, hospital, or other facility. The date range for records collection shall be from five years prior to the date Plaintiff received Plaintiff's first dose of Gardasil through the present. Do not check the box on the

first page of the authorization regarding mental health or other psychiatric records if (a) mental health records were submitted in Plaintiff's Vaccine Court proceeding, (b) Plaintiff is making, or made in Vaccine Court, a claim for mental or psychological injury (excluding a claim solely based on pain and suffering), (c) Plaintiff is claiming, or claimed in Vaccine Court, that she/he/they have POTS, orthostatic intolerance, brain fog, chronic fatigue syndrome, hypotension, hallucinations, severe insomnia, excessive sleep (more than 15 hours per day), non-epileptic seizures, movement disorder, or functional neurologic disorder (FND), (d) Counsel for Plaintiff and Counsel for Merck agree that the Mental Health Records of the Plaintiff are discoverable or (e) the Court so orders.

Submitted by:

_____
[Plaintiff's Counsel's Signature Block]

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | **MDL No. 3036**<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |

## PLAINTIFF FACT SHEET – PART II

Case name/caption: _____

Docket/case number: _____

## I.    CLAIM INFORMATION FOR INDIVIDUAL WHO RECEIVED GARDASIL

### A.    Background Information

1. Name: _____

2. Have you ever used any other names, and, if so, what and when?_____
_____

3. Last four digits of your Social Security Number:_____

4. Date and Place of Birth:_____

5. Sex: ❏ Male ❏ Female ❏_____

6. Medicare Number, if applicable:_____

7. Are you or have you ever been married? ❏Yes ❏ No

If "yes," please provide the following information for your current and any former spouses:

| Name | Date of Marriage and Issuing State | Date Range of Any Periods of Separation | Date Marriage Was | Reason for Termination (e.g., Death, |
|---|---|---|---|---|
| | | | | |

Case 3:22-md-03036-RJC   Document 78   Filed 03/10/23   Page 21 of 42

|  |  |  | Terminated, if Applicable | Divorce), if Applicable |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

8. Do you have children? ❑ Yes ❑ No

If "yes" and you claim that Gardasil affected your gynecological health or your fertility, please state the number of children you have and the year of his/her/their birth(s):

_____

_____

**B.** **Gardasil Vaccination(s)**

1. Please provide the information in the following chart:

| Date of Each Gardasil Vaccination | Lot Number | Name and Address of Health Care Provider Who Recommended the Gardasil Vaccination | Name and Address of the Person who Administered the Vaccination | Location of the Vaccination (e.g., left arm) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

2. Did anyone attend any medical appointments with you where you were counseled about Gardasil? ❑ Yes ❑ No ❑ Don't Recall

If "yes," please identify the individual(s) who attended any appointments with you when you were counseled about Gardasil, which appointment(s) he/she/they attended, and his/her/their relationship to you:

_____

_____

_____

3. Did anyone attend any medical appointments with you when you received Gardasil? ❑ Yes ❑ No ❑ Don't Recall

If "yes," please identify the individual(s) who attended any appointments with you when you received Gardasil, which appointment(s) he/she/they attended, and his/her/their relationship to you:

_____
_____
_____

4. Did you or anyone on your behalf ever decline a vaccination with Gardasil that was recommended by a Heath Care Provider?
   ❏ Yes ❏ No ❏ Don't Recall

   If "yes," please state who declined the vaccination, when they declined the vaccination (an approximate or relative date is acceptable if the date is unknown), and the reasons it was declined to your knowledge:

   _____
   _____
   _____

**C. Information Regarding Gardasil**

1. Excluding advertisements, did you receive any information about Gardasil, including but not limited to its risks, side effects, and effectiveness from your Health Care Provider? ❏ Yes ❏ No ❏ Don't Recall

   If "yes,"

   a. Identify the Health Care Provider who provided the information about Gardasil with you:_____

      _____
      _____

   b. Please briefly describe the information provided:_____

      _____
      _____
      _____

2. Excluding advertisements, did you have any discussions about Gardasil, including but not limited to its risks, side effects, and effectiveness with your Health Care Provider?
   ❏ Yes ❏ No ❏ Don't Recall

   If "yes,"

   a. Identify the Health Care Provider who discussed Gardasil with you:_____

      _____

   b. Please briefly describe the information provided or the discussion you had:_____

_____
_____
_____

3. Prior to any vaccination with Gardasil, did you do any research about Gardasil?
❑ Yes ❑ No ❑ Don't Recall

If "yes," please describe what research you did and, to the best of your recollection, what you found:

_____
_____
_____
_____

4. Prior to receiving any vaccination with Gardasil, did you see any advertising materials relating to Gardasil, including but not limited to any televised or internet-based advertising or materials? ❑ Yes ❑ No ❑ Don't Recall

If "yes," please describe and state when, approximately, you saw the advertisement:_____

_____
_____
_____

**D. Injuries and Claims Related to Gardasil**

1. Have you been diagnosed with or have you experienced any injury or illness as a result of receiving the Gardasil vaccination? ❑ Yes ❑ No

If "yes," identify the diagnosis or medical conditions(s) which you claim resulted from receiving the Gardasil vaccine and complete the information requested in the following chart. This question does NOT request information about claimed mental health injuries, which is requested in a separate chart below.

| Diagnosis or Medical Condition Experienced | Date of Onset of First Symptom(s) or Approx. Date, if Date is Unknown | Symptoms Experienced | Date of Diagnosis, if any (and approx. date if date is unknown) | Have Your Symptoms Resolved? | Information About Health Care Provider(s) Who Made Diagnosis or Identified Medical Condition |
|---|---|---|---|---|---|
| | | | | ❑ Yes<br>❑ No<br>❑ Unknown | Name:<br><br>Address: |
| | | | | ❑ Yes<br>❑ No | Name: |

| Diagnosis or Medical Condition Experienced | Date of Onset of First Symptom(s) or Approx. Date, if Date is Unknown | Symptoms Experienced | Date of Diagnosis, if any (and approx. date if date is unknown) | Have Your Symptoms Resolved? | Information About Health Care Provider(s) Who Made Diagnosis or Identified Medical Condition |
|---|---|---|---|---|---|
| | | | | ❑ Unknown | Address: |
| | | | | ❑ Yes<br>❑ No<br>❑ Unknown | Name:<br><br>Address: |
| | | | | ❑ Yes<br>❑ No<br>❑ Unknown | Name:<br><br>Address: |

2.  Identify the symptoms which you claim are related to any of the above diagnoses and/or conditions or that have resulted from receiving the Gardasil vaccine and complete the information requested in the following chart. This question does NOT request information about claimed mental health injuries, which is requested in a separate chart below.

| Symptom Experienced | Date of Onset of First Symptom(s) or Approx. Date, if Date is Unknown | Frequency and Severity of Symptom | Have Your Symptoms Resolved? | Information About Health Care Provider(s) Who Treated Symptom |
|---|---|---|---|---|
| | | | ❑ Yes<br>❑ No<br>❑ Unknown | Name:<br><br>Address: |
| | | | ❑ Yes<br>❑ No<br>❑ Unknown | Name:<br><br>Address: |
| | | | ❑ Yes<br>❑ No<br>❑ Unknown | Name:<br><br>Address: |

3.  To the best of your knowledge, have any of your biological parents, siblings, children, or grandparents been diagnosed with any of the conditions you have identified in Section I.D.1.? ❑ Yes ❑ No ❑ Unknown ❑ Don't Recall

    If "yes," for each condition, please identify the condition, the name of the family member, his/her/their relationship to you, and the approximate dates during which the

individual had the condition:_____

_____

_____

4. Identify the following information for the Health Care Provider(s) who has/have examined or treated you in connection with the injuries and/or illnesses from Sections I.D.1:

| Health Care Provider, Specialty and Facility Name | Address and Telephone Number | Date Range of Treatment (Approx.) | Alleged Medical Condition Treated/ Examined |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5. Has any Health Care Provider ever told you that any of your alleged injuries or medical conditions related to or caused by Gardasil?
   ❑ Yes ❑ No ❑ Do Not Recall

   If "yes," please identify the Health Care Provider and state which of your alleged injuries or medical conditions the provider told you were related to or caused by Gardasil:_____

   _____

   _____

6. Do you allege that your vaccination with Gardasil caused you to be diagnosed with a psychiatric and/or psychological condition(s) (other than pain and suffering, emotional distress, and/or mental anguish) for which treatment was sought from a Health Care Provider or Mental Health Care Provider? ❑ Yes ❑ No

   If "yes," complete the information requested in the chart below:

| Diagnosis or Psychiatric or Psychological Condition Experienced | Date of Onset of First Symptom(s) or Approx. Date, if Date is Unknown | Symptoms Experienced | Date of Diagnosis, if any (and approx. date if date is unknown) | Have Your Symptoms Resolved? | Information About Health Care Provider(s) Who Made Diagnosis or Identified Condition |
|---|---|---|---|---|---|
|  |  |  |  | ❑ Yes ❑ No | Name: |

| Diagnosis or Psychiatric or Psychological Condition Experienced | Date of Onset of First Symptom(s) or Approx. Date, if Date is Unknown | Symptoms Experienced | Date of Diagnosis, if any (and approx. date if date is unknown) | Have Your Symptoms Resolved? | Information About Health Care Provider(s) Who Made Diagnosis or Identified Condition |
|---|---|---|---|---|---|
| | | | | ❏ Unknown | Address: |
| | | | | ❏ Yes<br>❏ No<br>❏ Unknown | Name:<br>Address: |

7. If you are responding "yes" to question I.D.6 above, has any Health Care Provider or Mental Health Care Provider ever told you that any of your alleged injuries or medical conditions related to or caused by Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

If "yes," please identify the Health Care Provider or Mental Health Care Provider and state which of your alleged injuries or medical conditions the provider told you were related to or caused by Gardasil:_____
_____
_____

8. Has any Health Care Provider or Mental Health Care Provider ever told you that any of your alleged injuries or medical conditions are not related to or caused by Gardasil or that any of these injuries or medical conditions are related to or caused by something other than Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

If "yes," please identify the Health Care Provider or Mental Health Care Provider, describe what was said, and state which of your alleged injuries or medical conditions the provider told you were not related to or caused by Gardasil or were related to or caused by something other than Gardasil:_____
_____
_____

9. Have you ever communicated with any Merck employee or agent relating to Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

If "yes," please state the form, date, and content of the communication(s) and provide the name of the Merck employee(s) or agent(s) with whom you communicated:_____
_____
_____

10. Are you making a claim for lost wages? ❏ Yes ❏ No

If "yes," for what time period are you claiming lost wages: _____

11. Are you making a claim for lost earning capacity? ❏ Yes ❏ No

12. Provide the following information with respect to your employment history, for the period beginning five (5) years prior to your first vaccination with Gardasil to the two years after your claimed injuries resolved. *If you are making a claim for lost wages or earning capacity, you are required to provide salary/wage information*:

| Employer and Employer's Address | Name of Supervisor | Job Title/ Duties *Add Salary/Wage information, if required* | Dates of Employment (Approx.) | Reason for Leaving |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

13. Have you taken a medical leave(s) of absence from any job or educational institution? ❏ Yes ❏ No

If "yes," identify each employer or educational institution you took leave from, and state when and why you took leave: _____
_____

14. Are you making a claim for medical expenses or other out-of-pocket expenses? ❏ Yes ❏ No

If "yes, please provide a description of the type of medical expenses or other out-of-pocket expenses you are claiming and the date range during which the expenses were incurred:_____
_____
_____

28

E.    **Other Health Information**

1. Have you experienced any allergic reaction, adverse reaction, or side effect that you ever attributed to any vaccine (other than Gardasil) or any medications?
   ❏ Yes ❏ No ❏ Do Not Recall

   If "yes," please answer the following:

| Product and Date of Vaccination or Use of Medication | Reaction or Side Effect Experienced | Date of Side Effect | Treatment Received | Health Care Provider Consulted |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

2. Have you ever declined to receive a vaccine for which you are eligible (other than Gardasil, if applicable)? ❏ Yes ❏ No ❏ Do Not Recall

   If "yes," what vaccine, when, why, and, if applicable, identify the Health Care Provider(s) recommended the vaccine: _____

   _____

   _____

3. For the period three (3) years prior to your vaccination with Gardasil to the present, in response to Plaintiff's alleged injuries and/or symptoms identified in I.D.1 and 2, have you intentionally used a fitness or health device or application to track any information related to your health, weight, heart rate, fitness, steps, or diet (e.g., Fitbit, Apple Health, Google Fit, Oura Ring, Samsung Galaxy Watch, Garmin, Peloton, Nike Training Club, Sworkit, FitON, Orange Theory Fitness, MyFitnessPal, Strava, Map My Run)? ❏ Yes ❏ No

   If "yes," please answer the following:

| Name of Device, Application, or Method of Tracking | Type of Data That is Tracked (e.g., type of exercise, calories burned, steps taken) | Date of Purchase or Download of Device or Application | Date Range of Data Presently Available |
|---|---|---|---|

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

4. Do you contend that injuries or illnesses you attribute to Gardasil have prevented you from engaging in any activity or limited your ability to engage in any activity?
   ❏ Yes ❏ No

   If "yes," please describe and provide the timeframe during which your participation in the activity was limited:_____
   _____
   _____
   _____

**F.  Additional Information**

1. Identify each address at which you have resided, beginning five (5) years prior to your first vaccination with Gardasil to the present, and list the approximate dates when you started and stopped living at each one:

| Address | Approx. Date of Residence | |
|---|---|---|
|  | **From** | **To** |
|  |  |  |
|  |  |  |
|  |  |  |

2. Provide the following information with respect to your educational history, beginning with elementary school and continuing to include colleges, universities, graduate schools, or vocational programs:

| School/Institutional Program and Address | Degree or Certificate Pursued or Awarded | Clubs and Activities in Which You Participated | Dates of Attendance (Approx.) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

3. For the period three (3) years prior to your vaccination with Gardasil to two (2) year after your claimed injury(ies) resolved, have you used any social media platforms, internet "chat rooms," social media groups, or other online media to post pictures, content, text, comments, or any other information about Gardasil or your health, vacations, exercise, sports, or recreational activities.

❏ Yes ❏ No ❏ Unknown/Don't Remember

If "yes," please answer the following for each such social media platform, internet "chat room," social media group, or other online media:

| Name of Platform, Group, etc. | Date Joined & End Date (if applicable) | Username(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

4. Beginning five (5) years prior to your first vaccination with Gardasil to the present, have you been convicted of any felony or a crime involving dishonesty or false statement? ❏ Yes ❏ No

If "yes," please set forth the charge, the date of conviction or plea, the court and the outcome:_____

_____

_____

5. Beginning five (5) years prior to your first vaccination with Gardasil to the present, have you filed for bankruptcy? ❏ Yes ❏ No

If "yes," please identify the court in which the bankruptcy proceeding was filed, the case number, and the disposition: _____

_____

6. Beginning five (5) years prior to your first vaccination with Gardasil to the present, have you filed a lawsuit, other than in the present suit? ❏ Yes ❏ No

If "yes," please provide the following for each lawsuit or claim:

a. Party you sued or made a claim against:_____

b.　Court in which suit was filed and case number:

　　　　_____

　　　　_____

　　　c.　Nature of the
　　　　suit:_____

　　　　_____

　　　d.　Name, address, and firm representing
　　　　you:_____

　　　　_____

7.　Beginning five (5) years prior to your first vaccination with Gardasil to the present, have you ever filed for worker's compensation, social security, and/or state or federal disability benefits or support services? ❑ Yes ❑ No

　　If "yes," then as to each application, separately state:

　　　a.　Date (or year) of application:_____

　　　b.　Nature and time period of the claimed injury/disability: _____

　　　c.　The agency to which you submitted your application:_____

　　　d.　Resolution of claim (e.g., denied, granted):_____

8.　Have you ever served in any branch of the U.S. Military? ❑ Yes ❑ No

　　If "yes," please identify, please state the branch, dates of service, and type and manner of discharge:

　　　_____

　　　_____

**II.　MEDICAL HISTORY**

1.　Other than any Health Care Providers identified above, identify each Health Care Provider (including, but not limited to, primary care, pediatrics, emergency rooms, hospitals, and diagnostic centers) from whom you have received inpatient or outpatient care in the five (5) years preceding your first vaccination with Gardasil to the present, with the exception of mental health care.

| Name of Health Care Provider/ Facility, and Specialty | Address | Date or Date Range of Care/Treatment (Approx.) | Reason for Care/Treatment |
|---|---|---|---|
| | | | |

| Name of Health Care Provider/ Facility, and Specialty | Address | Date or Date Range of Care/Treatment (Approx.) | Reason for Care/Treatment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2. If (a) mental health records were submitted in your Vaccine Court proceeding, (b) you are making, or made in Vaccine Court, a claim for mental or psychological injury (excluding a claim solely based on pain and suffering, emotional distress, and/or mental anguish), or (c) you are claiming, or claimed in Vaccine Court, that you have POTS, orthostatic intolerance, brain fog, chronic fatigue syndrome, hypotension, hallucinations, severe insomnia, excessive sleep (more than 15 hours per day), non-epileptic seizures, movement disorder, or functional neurologic disorder (FND), then answer the following questions:

   a. Did you receive treatment for any mental health condition prior to your first vaccination with Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

   If "no," did any Health Care Provider recommend evaluation for a mental health condition or recommend treatment for a mental health condition prior to your first vaccination with Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

   If "yes" is checked in response to either question above, please identify the Health Care Provider:_____

   b. Have received treatment for any mental health condition after receiving your first vaccination with Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

   If "no," did any Health Care Provider recommend evaluation for a mental health condition or recommend treatment for a mental health condition after your first vaccination with Gardasil? ❏ Yes ❏ No ❏ Do Not Recall

   If "yes" is checked in response to either question above, please identify the Health Care Provider:_____

   _____

3. Identify the following for each pharmacy, drugstore, and/or other supplier (including mail order and internet pharmacies) from which you obtained any prescription medication in the five (5) years preceding your first vaccination with Gardasil to the present:

| Name of Pharmacy/Drugstore/ Supplier | Address of Pharmacy/Drugstore/ Supplier | Approximate Dates of Use |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

4. Have you ever smoked, vaped, or used smokeless tobacco? ❑ Yes ❑ No

   If "yes," provide the following information:

   a. Type(s) of product:_____
   b. Years of use:_____
   c. Amount consumed per day, on average: _____

5. Have you ever used illegal drugs? ❑ Yes ❑ No

   If "yes," please provide the following:

   a. Type(s) of product:_____
   b. Years of use:_____
   c. Amount consumed per day, on average: _____

6. Have you ever used CBD or marijuana? ❑ Yes ❑ No

   If "yes," please provide the following:

   a. Type(s) of product:_____
   b. Years of use:_____
   c. Amount consumed per day, on average: _____

7. Have you experienced or been diagnosed with any of the following?
   ❑ Yes ❑ No ❑ Unknown/Don't Remember

   If "yes," check the condition you have experienced and provide the requested details.

   ❑ Joint Hypermobility
   Date of diagnosis:_____
   Diagnosing and Treating Health Care Provider(s): _____
   Treatment received:_____
   Do any family members carry this diagnosis?  ❑ Yes ❑ No ❑ Unsure

❏ Scoliosis
Date of diagnosis:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____
Do any family members carry this diagnosis? ❏ Yes ❏ No ❏ Unsure

❏ Ehlers Danlos Syndrome
Date of diagnosis:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____
Do any family members carry this diagnosis? ❏ Yes ❏ No ❏ Unsure

❏ Celiac Disease
Date of diagnosis:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____
Do any family members carry this diagnosis? ❏ Yes ❏ No ❏ Unsure

❏ Crohn's Disease or Ulcerative Colitis
Date of diagnosis:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____
Do any family members carry this diagnosis? ❏ Yes ❏ No ❏ Unsure

❏ Traumatic Injury (i.e., injury from a car accident, head injury, concussion, fall, etc.)
Date of injury:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____

❏ Post-Traumatic Stress Disorder
Date of injury:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____

❏ Viruses (e.g., COVID-19, Epstein-Barr, Mononucleosis)
Date of diagnosis:_____
Diagnosing and Treating Health Care Provider(s): _____
Treatment received:_____

8. Have you ever been diagnosed with cancer?
❏ Yes ❏ No ❏ Unsure

If "yes," please provide the following:

Type of cancer: _____

Date of diagnosis:_____

Diagnosing and Treating Health Care Provider(s): _____

9. Provide the following information regarding each insurer or other entity (including Medicaid or any similar federal or state program) that has provided you with health care coverage or other benefits in the five (5) years preceding your Gardasil vaccination to the present:

| Insurer Name and Address | Policy Number | Dates of Coverage (Approx.) | Policy Holder |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## III.   FACT WITNESSES

Other than your Health Care providers, please identify all persons who you believe possess information concerning your alleged injury(ies) and/or other facts related to your claims.

| Name | Address | Relationship to You | Subject Matter of the Person's Information |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## IV.   DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in Sections I – III of this Plaintiff Fact Sheet – Part II is true and correct to the best of my knowledge, information, and belief.

Date: _____          Signature: _____

## V. <u>ADDITIONAL AUTHORIZATIONS</u>

Please complete and execute the authorizations identified below. Please note that some authorizations must be notarized. The authorizations are attached hereto as exhibits.

1. Exhibit A is an authorization for the release of educational records. Each separate authorization provided by Plaintiff's Counsel must be specific to the educational institution identified in Plaintiff's PFS. Please provide a signed authorization for each educational institution identified in Plaintiff's PFS.

2. Exhibit B is an authorization for the release of employment records. Each separate authorization provided by Plaintiff's Counsel must be specific to the employer identified in Plaintiff's PFS. Please provide a signed authorization for each employer identified in Plaintiff's PFS.

3. Exhibit C is an authorization for the release of insurance records. Each separate authorization provided by Plaintiff's Counsel must be specific to the insurance carrier identified in Plaintiff's PFS. Please provide a signed authorization for each insurer identified in Plaintiff's PFS.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-md-03036-RJC**

| | | |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

## PLAINTIFF FACT SHEET – PART III

Case name/caption: _____

Docket/case number: _____

## REQUESTS FOR PRODUCTION OF DOCUMENTS

      These document requests are made pursuant to Federal Rule of Civil Procedure 34. Please check "Yes" or "No" as appropriate below to indicate whether any of the documents described below are in Plaintiff's possession, custody, or control. If, "yes," produce a copy of all the documents in the manner set forth in ESI Order (_____).

      In accordance with Rule 34, if any documents are withheld by claiming that it is privileged or otherwise protected, please make any such claim expressly and describe the nature of the information or documents withheld in a manner that enables other parties to assess the applicability of the claimed privilege or protection.

| Ref. No. | Category/Description | Yes | No |
|---|---|---|---|
| 1. | Communications to, from, or with any Health Care Provider, pertaining to Gardasil, your health, or any injuries caused by Gardasil. | ❏ | ❏ |
| 2. | Any instructions or information about Gardasil that you received before you received any vaccination with Gardasil. This includes product warnings, package inserts, Vaccine Information Statement, handouts, or other materials provided or made available to Plaintiff concerning Gardasil. | ❏ | ❏ |

Case 3:22-md-03036-RJC   Document 78   Filed 03/10/23   Page 38 of 42

| Ref. No. | Category/Description | Yes | No |
|:---:|:---|:---:|:---:|
| 3. | Advertising material Plaintiff saw prior to receiving any vaccination with Gardasil. | ❏ | ❏ |
| 4. | Communications sent to or received from Merck, any Merck employee, or any Merck agent relating to Plaintiff or Gardasil. | ❏ | ❏ |
| 5. | Any other documents Plaintiff obtained from Merck related to Gardasil, Plaintiff's claims, or Plaintiff's alleged injuries. | ❏ | ❏ |
| 6. | Any documents evidencing, discussing, or related to any medical leave of absence Plaintiff has taken from any job or educational institution. | | |
| 7. | If Plaintiff is making a claim for medical expenses or lost out-of-pocket expenses, copies of all bills from any Health Care Provider, pharmacy, vendor, or other source for which Plaintiff is seeking compensation. | ❏ | ❏ |
| 8. | Documents Plaintiff has used to track or record any information about Plaintiff's health, weight, heart rate, fitness, steps, or diet for the period three (3) years prior to Plaintiff's vaccination with Gardasil to the present. | ❏ | ❏ |
| 9. | All data, information, or entries identified in response to I.E.3 of the PFS – Part II that stores information about Plaintiff's health, weight, heart rate, fitness, steps, or diet in Plaintiff's possession, custody, or control. | ❏ | ❏ |
| 10. | If Plaintiff was in school at the time of any Gardasil vaccination and claims that Gardasil impacted his/her/their ability to attend school, or impacted his/her/their achievement in school, Plaintiff's records from any school or educational institution Plaintiff has attended, including but not limited to report cards, transcripts, educational plans/accommodations, medical leave, enrollments, attendance reports, and withdrawals for the period of five (5) years prior to Plaintiff's first vaccination with Gardasil to two (2) years after Plaintiff's symptoms resolved. | ❏ | ❏ |
| 11. | If Plaintiff was in school at the time of any Gardasil vaccination and claims that Gardasil impacted his/her/their ability to attend school, or impacted his/her/their achievement in school, any communications with any teacher, school employee, school/educational institution (or any office therein) or testing organizations (e.g., College Board) relating to Plaintiff during the time frame indicated in question 10, including any educational accommodations sought or granted, any absences from school, Plaintiff's performance in school, and Plaintiff's ability to attend school. | ❏ | ❏ |

| Ref. No. | Category/Description | Yes | No |
|----------|---------------------|-----|-----|
| 12. | Documents relating to any claim for lost wages or reduced earning capacity, including but not limited to W-2s, paychecks and pay stubs for the five (5) years prior to Plaintiff's first vaccination with Gardasil to the present. | ❏ | ❏ |
| 13. | For the period three (3) years prior to Plaintiff's vaccination with Gardasil to two (2) year after Plaintiff's claimed injury(ies) resolved, all pictures, content, text, comments, or any other information about Gardasil or Plaintiff's health, vacations, exercise, sports, or recreational activities posted on any social media platforms, internet "chat rooms", social media groups, or other online media. | ❏ | ❏ |
| 14. | For the period from the date of Plaintiff's vaccination with Gardasil to two (2) years after Plaintiff's claimed injury(ies) resolved, all photographs or videos of Plaintiff (with or without other people) that relate to Gardasil or Plaintiff's health, vacations, exercise, sports, or recreational activities. | ❏ | ❏ |
| 15. | If the individual who was vaccinated with Gardasil is deceased, a copy of the death certificate | ❏ | ❏ |

Submitted by:

_____

[Plaintiff's Counsel's Signature Block]

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-md-03036-RJC**

|  |  |  |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MDL No. 3036**<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |

_____

**PLAINTIFF FACT SHEET – PART IV**

Part IV only needs to be completed once the case is selected as a bellwether or otherwise selected for case work up.

Case name/caption: _____

Docket/case number: _____

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

These document requests are made pursuant to Federal Rule of Civil Procedure 34. Please check "Yes" or "No" as appropriate below to indicate whether any of the documents described below are in Plaintiff's possession, custody, or control. If, "yes," produce a copy of all the documents in the manner set forth in ESI Order (_____).

In accordance with Rule 34, if any documents are withheld by claiming that it is privileged or otherwise protected, please make any such claim expressly and describe the nature of the information or documents withheld in a manner that enables other parties to assess the applicability of the claimed privilege or protection.

| Ref. No. | Category/Description | Yes | No |
|---|---|---|---|
| 1. | Any materials Plaintiff found, saw, or posted on to any website (including any chat room or social media site) that Plaintiff visited at any time seeking information regarding Gardasil or alleged injuries attributed to Gardasil, including any chats, posts, or content Plaintiff can access. | ❏ | ❏ |

41

| Ref. No. | Category/Description | Yes | No |
|---|---|---|---|
| 2. | Any documents explaining any denial of life insurance benefits for health-related reasons relating to Plaintiff. | ❏ | ❏ |
| 3. | Not including the documents already produced, any documents or records from or relating to any employer identified in response to I.D.12 of the PFS – Part II, including but not limited to employment applications, performance reviews, communications regarding any employment accommodations sought or granted, any absences/sick days, and any leave sought or taken by Plaintiff. | ❏ | ❏ |
| 4. | Text messages and emails Plaintiff has sent or received about Gardasil, the injuries Plaintiff claims are associated or caused by Gardasil, or Plaintiff's health. | ❏ | ❏ |
| 5. | Diaries, calendars, or other writings or recordings made by Plaintiff describing, discussing, explaining or referring to the injuries or damages alleged by Plaintiff's in this lawsuit or in Vaccine Court. | ❏ | ❏ |
| 6. | Documents that Plaintiff reviewed, accessed, or possessed at any time relating to Gardasil, including but not limited to product literature, articles, emails, material from internet sites, video recordings, and audio recording (including podcasts). | ❏ | ❏ |
| 7. | All applications for health insurance, social security, worker's compensation, and/or any state or federal disability benefits or support services that Plaintiff has made or that have been made on Plaintiff's behalf and all documents, records, and correspondence related to the same. | ❏ | ❏ |
| 8. | Any sworn or verified statements by Plaintiff, or Plaintiff's parent, or in Plaintiff's possession, custody, or control, written or otherwise recorded, concerning Gardasil, Plaintiff's alleged injuries or Plaintiff's alleged damages. | ❏ | ❏ |
| 9. | Any video or audio recordings where Plaintiff or a family member discussed Gardasil or Plaintiff's alleged injuries. | ❏ | ❏ |

Submitted by:


_____

[Plaintiff's Counsel's Signature Block]