UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-md-03036-RJC

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

**THIS MATTER** comes before the Court on the "Plaintiffs' Motion to Withhold Expert Reports Filed in the Vaccine Program by Plaintiffs' Consulting Experts" (the "Motion"). (Doc. No. 84). Defendants Merck & Co., Inc. and Merck Sharp & Dohme LLC (together, "Merck") oppose the Motion. For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

This is multi-district litigation ("MDL") involving allegations "that [P]laintiffs . . . developed Postural Orthostatic Tachycardia Syndrome (POTS), [Primary Ovarian Failure (POF)/Primary Ovarian Insufficiency (POI)], and various other injuries as the result of an autoimmune reaction to [Merck's] Gardasil vaccine." (Doc. No. 1). Previously in this MDL, the Parties disputed whether Merck could obtain all documents or filings made on behalf of each Plaintiff in the prior proceedings before the Office of Special Masters in the U.S. Court of Federal Claims ("Vaccine Court"). The Court concluded that the Vaccine Court filings are relevant to the claims and defenses in this case and allowed Merck to request all documents or filings made on behalf of each Plaintiff in the Vaccine Court proceedings, except the attorney billing records. (Doc. No. 58 at 8-9). However, based on arguments made by the Plaintiffs, the Court additionally

allowed Plaintiffs to temporarily withhold expert reports, opinions, or other documentation "to the extent Plaintiffs asserted that any individual Vaccine Court file contains expert reports, opinions, or other documentation from experts that the Plaintiffs will retain 'in anticipation of litigation or to prepare for trial and who [are] not expected to be called as [] witness[es]' pursuant to Federal Rule of Civil Procedure 26(b)(4)(D)." (*Id.*). If such information were to arise, the Court instructed Plaintiffs to notify Merck and simultaneously file a motion with the Court to determine whether Merck may discover the information contained therein. (*Id.*).

On March 23, 2023, Plaintiffs filed the Motion seeking to withhold "all vaccine program reports prepared by Plaintiffs' consultants and the expert reports filed by the Department of Health and Human Services" until Plaintiffs designate their testifying experts. (Doc. No. 84). Merck opposes the Motion. (Doc. No. 89).

## II. DISCUSSION

Federal Rule Civil Procedure 26(b)(4)(D) provides:

> **(D) Expert Employed Only for Trial Preparation**. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> > (i) as provided in Rule 35(b); or
> >
> > (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

"The underlying rationale for the severe limitation on discovery as to this . . . category of expert[s] is the doctrine of unfairness, namely, that a party should not be able to exploit for its own use trial preparation work undertaken by another party." *Westchester Surplus Lines Ins. Co. v. Clancy & Theys Constr. Co.*, 2013 WL 12145923, at *3 (E.D.N.C. Sept. 20, 2013) (citation omitted). This

rule "basically applies the work product rule to nontestifying/consulting experts retained in anticipation of litigation." *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 250 (S.D. W. Va. July 11, 2014). "The party resisting production of facts known or opinions held by a consulting expert has the burden of demonstrating the information is protected by Rule 26(b)(4)(D), and the party seeking disclosure bears the heavy 'burden' of demonstrating 'exceptional circumstances' to justify discovery of any protected information." *H/S Wilson Outparcels, LLC v. Kroger Ltd. P'ship I*, No. 5:15-CVv-591-RJ, 2018 WL 1528187, at *2 (E.D.N.C. Mar. 28, 2018).

Here, Plaintiffs argue that in this MDL they regularly consult the experts they used in the Vaccine Court proceedings, but Plaintiffs have not yet decided which, if any, Vaccine Court experts they will designate as testifying or solely consulting experts. Thus, they seek to withhold all Vaccine Court expert reports – from Plaintiffs' experts and the Government's experts – until Plaintiffs determine which, if any, of those experts will be testifying or consulting experts in this MDL. Considering the principles of fairness underlying Rule 26(b)(4)(D), the Court will allow Plaintiffs to withhold their expert reports filed in Vaccine Court only until such time as Plaintiffs determine whether such experts will be retained as consulting or testifying experts in this MDL. At this stage in the MDL, fairness dictates that Plaintiffs should be able to use the continuing work and relationships of experts they used in the Vaccine Court, involving the same Plaintiffs, to develop litigation strategy and trial preparation without Merck having access to these potentially consulting expert's opinions to develop its own trial strategy. *Westchester Surplus Lines Ins. Co.*, 2013 WL 12145923, at *3. Indeed, Merck may also be consulting with experts to develop its strategy in this litigation, but Plaintiffs do not have access to those experts' opinions now. While the Court recognizes that this is not a typical application of Rule 26(b)(4)(D), Plaintiffs' Vaccine

Court experts were not solely consulting experts in Vaccine Court, and their reports were filed in Vaccine Court to support the Plaintiffs' cases, because this MDL is in a unique posture, it is appropriate to allow Plaintiffs to protect information used in anticipation of this litigation and to develop their litigation strategy. However, to the extent Plaintiffs determine they will not retain any particular expert that filed a report in Vaccine Court as a consulting expert in this MDL as contemplated by Rule 26(b)(4)(D), the Plaintiffs must produce those experts' reports to Merck within 10 days of such decision.

Plaintiffs also seek to withhold expert reports filed by the Department of Health and Human Services ("DHHS") in Vaccine Court because they argue that producing such reports essentially produces Plaintiffs' expert reports. This argument goes beyond Rule 26(b)(4)(D), its fairness considerations, and the work-product rule. Plaintiffs concede that they will not retain DHHS's experts as consulting experts and DHHS's experts will not assist Plaintiffs in litigation strategy and trial preparation. The underlying fairness concerns that the Court has with respect to Plaintiffs' Vaccine Court experts does not exist with DHHS's experts. Instead, it would be unfair to allow Plaintiffs access to and use of DHHS's expert reports in this litigation, but not Merck. Plaintiffs must produce DHHS's expert reports from Vaccine Court within 10 days of this Order.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Withhold Expert Reports Filed in the Vaccine Program by Plaintiffs' Consulting Experts (Doc. No. 84) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs must produce DHHS's expert reports from Vaccine Court to Merck within 10 days of this Order. In addition, to the extent Plaintiffs determine they will not retain any particular expert that filed a report in Vaccine Court as a consulting expert in

this MDL, the Plaintiffs must produce those experts' reports to Merck within 10 days of such decision.

**SO ORDERED**.

Signed: April 25, 2023

Robert J. Conrad, Jr.
United States District Judge