UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH
CAROLINA CHARLOTTE DIVISION
3:22-md-03036-RJC

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

## STIPULATION AND ORDER REGARDING DEPOSITION SCHEDULING OF AND CONTACT WITH PLAINTIFFS' TREATING HEALTHCARE PROVIDERS IN THE INITIAL BELLWETHER POOL

The parties agree and stipulate the following regarding the Parties' and representatives of the parties' contact with Plaintiffs' treating healthcare providers *ex parte* prior to any deposition in MDL 3036:

A. In "Initial Bellwether Pool" cases selected by Plaintiffs, Plaintiffs will question the healthcare provider(s) who recommended each Gardasil dose for the plaintiff first and be responsible for scheduling the deposition(s) of the healthcare provider(s) who recommended each Gardasil dose for the plaintiff. The parties will be allotted an equal division of time and will work together to select a mutually agreeable date and time for the depositions.

B. In "Initial Bellwether Pool" cases selected by Merck, Merck will question the healthcare provider(s) who recommended each Gardasil dose for the plaintiff first and be responsible for scheduling the deposition(s) of the healthcare provider(s) who recommended each Gardasil dose for the plaintiff. The parties will be allotted an equal division of time and will work together to select a mutually agreeable date and time for the depositions.

C. In *Derr*, *Hilton*, and the randomly selected bellwether cases, the parties will use a mutually agreed randomizer to determine which party questions the healthcare provider(s) who

recommended each Gardasil dose for the plaintiff first and is also responsible for scheduling the deposition(s) of the healthcare provider(s) who recommended each Gardasil dose for the plaintiff. The North Carolina cases and the randomly selected cases will be evenly split between the parties, meaning that Plaintiffs will question first for 2 of the 4 random selections, Merck will question first for the other 2, and each party will question first on one of the two North Carolina cases. The parties will be allotted an equal division of time and will work together to select a mutually agreeable date and time for the depositions.

D. Pursuant to the First Case Management Order (Doc. No. 77), the parties are entitled to depose one treating physician of each party's choosing. In each bellwether case, Plaintiffs will question the treating physician of their choosing first and are responsible for deposition scheduling. In each bellwether case, Merck will question the treating physician of its choosing first and is responsible for deposition scheduling. The parties will be allotted an equal division of time and will work together to select a mutually agreeable date and time for the healthcare provider's deposition.

E. If the parties select the same treating physician, a randomizer would be used to decide who questions the treater first, with the expectation that should this happen, there will be equal distribution of which party questions first to the extent possible amongst all cases.

F. Except as to deposition scheduling and logistics, Merck is prohibited from communicating *ex parte* with Plaintiffs' healthcare providers.

G. In any *ex parte* communications with Plaintiffs' healthcare providers, Plaintiffs' counsel are not prohibited from disclosing publicly available documents to Plaintiffs' healthcare providers. However, pursuant to agreement between the parties, Plaintiffs' counsel will not provide or show any non-publicly available documents produced by Merck in this litigation that

have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Doc. No. 70) to any healthcare provider and/or his or her representative prior to the deposition.

H. If Plaintiffs' counsel has *ex parte* communications with a healthcare provider regarding subject matter other than scheduling and logistics, Plaintiffs' counsel must provide Merck's counsel, by email, with a copy of all documents other than the healthcare providers' medical records provided to or shown to the healthcare provider at least 72 hours prior to that healthcare provider's deposition. If Plaintiffs' counsel has *ex parte* communications with a healthcare provider less than 72 hours before his or her deposition, within 3 hours after the end of the communication with the healthcare provider, Plaintiffs' counsel must provide Merck's counsel, by email, with a copy of all documents other than the healthcare providers' medical records provided to or shown to the healthcare provider. Plaintiffs' counsel shall not have *ex parte* communications with a healthcare provider less than 4 hours before the start of his or her deposition.

I. Notwithstanding Paragraphs F – H above, if a party has retained an Initial Bellwether Pool plaintiff's healthcare provider as an expert and that healthcare provider is noticed for deposition, counsel for the party that retained him or her must provide the opposing party's counsel with the following information in writing at least 72 hours prior to that healthcare provider's deposition: (1) a copy of Exhibit A to the Stipulated Protective Order signed by the retained expert (if the expert is required to sign Exhibit A) and (2) disclosure by bates number of all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" discovery material provided to that provider, other than medical records.

J. Even if Merck has retained an Initial Bellwether Pool plaintiff's healthcare provider

3

as an expert, Merck is prohibited from discussing the Initial Bellwether Pool plaintiff himself or herself and/or the healthcare provider's care and treatment of that plaintiff with that retained provider.

**SO ORDERED**.

Signed: October 30, 2023

Robert J. Conrad, Jr.
United States District Judge