UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-md-3036-RJC

| | |
|---|---|
| **IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 3036**<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |

### DEPOSITION PROTOCOL ORDER

Pursuant to Fed. R. Civ. P. 30(b)(4), this Court hereby issues the following protocol to govern any depositions taken in *In Re: Gardasil Products Liability Litigation*, MDL No. 3036.

**A.  General Provisions**

1. This Order shall apply to all actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned to the MDL. This Order shall apply to depositions of current and former employees of the Merck Defendants, Initial Bellwether Pool plaintiffs and their parents/guardians, and Initial Bellwether Pool plaintiffs' Healthcare Providers as outlined in First Case Management Order. The parties will meet and confer about a deposition protocol for expert witnesses prior to expert discovery and any further case-specific depositions at a later time.

2. Consistent with the Second Pretrial Order and the parties' agreement to coordinate discovery, depositions originally noticed in this MDL of any current and/or former Merck employees and any Merck corporate deponents will be cross-noticed in pending Gardasil state court cases. Counsel of record for Defendants other than Merck in pending Gardasil state court cases may appear and participate in the depositions of any current and/or former Merck

employees and any Merck corporate deponents consistent with the provisions in this Order.

3. Unless directly contradicted or expressly modified herein, the Federal Rules of Civil Procedure and Local Rules of the Court control. However, to the extent any objections are asserted during the deposition, for the state court cases, those objections will be governed under the respective state law rules of evidence (e.g. California Evidence Code) and for the MDL cases the objections will be governed, to the extent applicable, by the Federal Rules of Evidence.

4. All depositions shall be conducted during normal business hours within the witness's local time zone. Parties are expected to grant reasonable accommodations on scheduling and timing of depositions.

5. The deposition shall be subject to the aggregate time limitations set forth in Fed. R. Civ. P. 30(d)(1) including direct and recross. If the defending attorney anticipates more than one (1) hour for direct examination of the witness, the parties will meet and confer regarding the total time allotted for the deposition. If a party believes more than seven (7) hours will be required to fairly examine a deponent, the parties shall meet and confer about whether additional time should be allocated for that deposition. Similarly, where the witness has restrictions on the length of time he or she may sit for a deposition, defending counsel shall notify examining counsel in advance, so that the parties may confer on a schedule to complete the deposition. If the parties are unable to resolve disputes regarding the length of time needed for a deposition or deposition scheduling, the parties may raise the issue with the Court.

6. All depositions will be recorded by a court reporter at the expense of the Noticing Party.

7. The Noticing Party shall bear the initial expense of both stenographic recording and videotaping, if any. The Noticing Party will also make arrangements to allow for remote

deposition attendance with the company that will host and record the deposition (the "Deposition Vendor"). The parties shall pay for their own copies of transcripts and videotapes of depositions. For depositions of Initial Bellwether Pool plaintiffs' Healthcare Providers, the party noticing the deposition shall be responsible for payment. For depositions requiring a translator, the party noticing the deposition shall be responsible for payment.

8. The Parties shall meet and confer in advance of Initial Bellwether Pool Plaintiffs' Healthcare Providers to agree upon an appropriate division of time. In addition, if a Party believes it has a legitimate interest in the confidentiality of documents responsive to the subpoena, then it shall raise this issue with opposing counsel in order that it may be addressed and resolved as necessary.

9. Nothing herein is intended to (nor shall it) modify the terms of the Stipulated Protective Order, which will govern the treatment of documents and information designated pursuant to the Protective Order.

**B. Depositions of Merck Witnesses, Plaintiffs, and Plaintiffs' Parents/Guardians**

1. It is expected that current and former employees of Merck, Plaintiffs, and Plaintiffs' parents/guardians will appear and present in person for their depositions.

2. Even if noticing counsel chooses to appear remotely, it is expected that the videographer, if any, will be physically present in the same room as the witness.

3. Even if noticing counsel chooses to appear remotely, it is expected that the court reporter will be physically present in the same room as the witness and administer the oath in person.

4. If noticing examining counsel appears remotely, noticing counsel may nevertheless send up to two representatives (who must be either counsel of record in the

Gardasil MDL or an attorney at a Plaintiffs' Steering Committee or Plaintiffs' Leadership firm (hereafter collectively referred to as "PSC") to the deposition, if counsel for the witness is appearing in person.

5. Except for in-person depositions of the Plaintiff or the Plaintiffs' parent(s) (described below in Paragraph 6), in addition to the deponent, the court reporter, and the videographer, deposition attendance under Section B of this Order (whether remote or in-person) is limited to noticing examining counsel, noticing counsel's representative(s) if examining counsel is not attending in person (as described above), counsel defending the deposition, the witness's counsel (if different), Merck's counsel (if different), counsel of record for Defendants other than Merck in pending Gardasil state court cases, and Merck's in-house counsel. For in person depositions, up to three of examining counsel's non-attorney staff may attend. Examining counsel must identify their staff on the record and confirm they are subject to the Stipulated Protective Order. Any person attending remotely must be an attorney or non-attorney staff of a PSC firm or Defendants' counsel and must be identified on the record, including name of the party they represent and the law firm or company by which they are employed. Remote attendees may also be required to confirm that they have signed and/or are subject to the Stipulated Protective Order.

6. For in person depositions of the Plaintiff or the Plaintiffs' parent(s), in person attendance should be limited to the deponent, counsel for the deponent, noticing/examining counsel, and up to 2 attorneys or non-attorney staff to assist the noticing/examining attorney. Any remote attendance shall be in accordance with the terms of Paragraph 5 above.

7. All deposition notices must identify the Deposition Vendor, whether examining counsel for the Noticing Party will appear remotely, and, if applicable, contain a general

description of how counsel for the Noticing Party attending remotely may access the remote connection being utilized (e.g., GoToMeeting, Zoom, WebEx). No more than one (1) week and no less than forty-eight (48) hours prior to the deposition, the Noticing Party or the Deposition Vendor must also provide a link and description to allow for remote deposition attendance by both email and Outlook invitation.

8. The party that noticed the deposition shall be responsible for informing the court reporting service and Deposition Vendor of the date, time and needs of the deposition.

9. The Party that noticed the deposition shall provide the court reporter with a copy of this Order, if examining counsel plans to attend remotely, at least 24 hours in advance of the deposition.

10. Examining counsel that attends a deposition remotely must contact the Deposition Vendor and make the necessary arrangements to facilitate remote appearance, including Zoom or other videoconference capabilities.

11. Counsel of record for either party may attend the deposition remotely if he or she is not examining the witness. All counsel present for the deposition, remotely or in person, must introduce themselves on the record. Nothing herein shall prohibit a party from contacting the court reporting service or Deposition Vendor.

12. Counsel for the Noticing Party must ensure the Deposition Vendor has implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition, and disabling the "record" feature in the Remote Deposition Technology for the witness and attending attorneys. The Noticing Party and the Remote Deposition Vendor

Case 3:22-md-03036-RJC    Document 115    Filed 10/31/23    Page 5 of 18

5

must ensure that only registered participants and attendees are sent a link to join the deposition; no link should be posted on a website or otherwise made publicly available. The Remote Deposition Vendor shall maintain a list of all participants and attendees. Only the videographer or court reporting service shall capture video and/or audio of the deposition. No other participants shall make any recordings (video or audio) or take any pictures or screen captures of the deposition.

13. If Counsel for either party appears remotely for a deposition and persons other than the witness are present in the room with the witness, there shall be a camera view showing all the people present in the room (other than the court reporter/staff/videographer), specifically including the witness and counsel (and any other persons assisting in the deposition, such as a paralegal or legal assistant). Even when there is a camera with a view showing all people present, there shall also be a camera showing the deponent individually. Further, if counsel for the witness and/or counsel defending the deposition attends the deposition in person, that counsel shall ensure, either by logging into the Remote Deposition Videoconference or otherwise, that counsel can be seen and heard by all participants and that counsel can readily view exhibits/materials that may be displayed through the videoconference platform without utilizing the screen dedicated for the witness's use.

14. To avoid any potential disruptions of the deposition, those attending shall enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications. If counsel for either Party attends remotely, anyone who is in person with the witness must remain on video when the deposition is on the record and either an individual microphone or a microphone in the room must be able to receive and broadcast the voice of every person present. Other remote attendees should mute microphones

when not speaking. The participating attorneys may be visible to all other participants during the deposition. All persons attending remotely shall identify any other person who is utilizing their connection to view/listen to any portion of the proceeding.

15. The deponent is entitled to full and fair access to any exhibits upon which the deponent may be examined, consistent with the provisions below.

      (i) If Counsel for a party that is examining the witness appears remotely, examining counsel shall mail physical copies of all documents that exceed 25 pages (in total length including all pages in the complete document and/or all pages in a document's bates range) that may be used during the deposition to the deponent, the deponent's defending counsel, and the other Party's counsel (if different). If examining counsel attends remotely, counsel shall so inform the deponent's counsel and the other Party's counsel and confirm the appropriate mailing address prior to mailing the documents. Counsel shall provide tracking information for the package. Documents mailed pursuant to this Paragraph shall be delivered by 12:00 pm ET the business day before the deposition. It is recognized that all documents that may be used at a deposition will not be realized by examining counsel within the timeframe necessary to overnight them the day before the deposition. Therefore, it is possible that on some occasions a document exceeding 25 pages will not be sent in a timely fashion. Counsel are reminded that they are obligated to act in good faith and act in accordance with the rules of ethics and the obligations of this Order.

                Counsel for the deponent and the other Party's counsel shall confirm receipt of the package by electronic mail. Every recipient of a mailed package of potential deposition exhibits shall keep the package sealed and shall only unseal the package on the record, on video, and during the deposition when directed to do so by Counsel.

    (ii)    Counsel who appears remotely shall share electronic versions of the documents that he or she may be used during the deposition prior to the start of the deposition with the court reporter via electronic mail or other secure shared platform like Box or Dropbox.

    (iii)    In addition, to prevent confidential documents from being downloaded by witnesses, electronic exhibits may only be shared with the witness through the Remote Deposition Technology (to be agreed upon in advance) with the download function disabled.

    (iv)    Counsel who appears remotely shall share electronic exhibits with opposing counsel and counsel for the deponent, if different through the Remote Deposition Technology.

16. Any objection to the presentation of deposition exhibits at trial is reserved.

17. With the exception of official deposition exhibits, all deponents and counsel receiving documents before a deposition shall either (a) return the documents to the counsel who sent them originally within five (5) business days following the completion of the deposition; or (b) destroy the documents within two (2) business days following the completion of the deposition. With the exception of official deposition exhibits, all deponents and counsel receiving documents before a deposition shall not view or retain the unused documents in any

manner. The counsel that sent the documents prior to the deposition shall include a pre-paid return shipping label in any package of documents mailed.

18. The counsel that sent the documents prior to the deposition shall include a pre-paid return shipping label in any package of documents mailed.

19. If a party or deponent produces greater than 25 page documents within three (3) days of the deposition, making the use of these documents in hard copy form at the remote deposition impracticable, these documents may be used in electronic form during the deposition. In this circumstance, during the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition via the Remote Deposition Technology through secure file sharing software (with download disabled for the witnesses). The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial.

20. If a document is created during testimony or if markings are placed on an exhibit during testimony and a party wants to offer the created or marked document as an exhibit, the party shall do so in the traditional fashion, with an exhibit number assigned to the document noted by the court reporter and stated on the record. If possible, the document shall be uploaded or sent to each party and to the court reporter while the deposition is proceeding in session. If it is not possible for the document to be provided to all parties while the deposition is proceeding in session, it shall be displayed on screen such that there is full video documentation of the document and its markings. The document shall then be provided to all counsel and the court reporter as soon as practicable following the deposition and counsel shall discuss the planned distribution prior to conclusion of the deposition.

C. **Remote Depositions of Plaintiffs' Healthcare Providers**

1. The depositions of Plaintiffs' Healthcare Providers will presumptively occur remotely as set forth in Section C of this Order. However, either party reserves the right to notice any of Plaintiffs' Healthcare Providers' deposition in-person and/or request that any of Plaintiffs' Healthcare Providers present for deposition in-person, including, but not limited to, circumstances where Plaintiffs' Healthcare Provider (1) served as an expert witness in the National Vaccine Injury Compensation Program on behalf of any plaintiff in any Gardasil litigation; (2) who may be serving as a consulting expert on behalf of Plaintiffs in any Gardasil litigation; or (3) has been disclosed as an expert witness on behalf in any plaintiff in any Gardasil litigation. Where a party desires to depose any of Plaintiffs' Healthcare Providers in person, the parties agree to meet and confer in good faith. If the parties meet and confer and are unable to reach agreement on whether said deposition of Plaintiffs' Healthcare Provider shall occur in person, either party may seek relief from the Court. Nothing in this Order prevents either party from attending Plaintiffs' Healthcare Providers' depositions remotely, even where the other party appears in person.

2. Whether remote or in person, deposition attendance will be limited to the deponent, the court reporter, and the videographer, Plaintiff's counsel, Merck's counsel, and the witness's and/or the healthcare facility's counsel. Absent agreement, any other person attending remotely must be an attorney or non-attorney staff of a PSC firm or Defendants' counsel and must be identified on the record, including name of the party they represent and the law firm or company by which they are employed.

3. The deposition notice for any Remote Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the

videographer will attend, subject to change upon notice in writing to the witness, the court reporter, and the videographer.

    4.    The parties agree to the following terms of a Remote Deposition of Plaintiffs' Healthcare Providers:

        a. The parties agree to work in a collaborative manner in attempting to schedule the Remote Deposition.

        b. Any Remote Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (b) that officer must administer the oath or affirmation to the deponent. A Remote Deposition taken pursuant to this Order shall be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as other participants and is able to hear and communicate with other attendees. The parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the deponent via the videoconference. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

        c. Notices for Remote Depositions must include the Remote Deposition Vendor and contain a general description of how those attending may access

the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx). The party that noticed the deposition shall be responsible for informing the court reporting service and Remote Deposition Vendor of the date, time, and needs of the depositions. To the extent a deposition is noticed as recorded by video, the Noticing Party shall ensure a certified court videographer is present for the deposition.

d. Nothing herein shall prohibit a party from contacting the court reporting service or Remote Deposition Vendor.

e. The party noticing the deposition shall make best efforts to provide the witness and all other attendees with detailed instructions regarding how to participate in the Remote Deposition at least seven (7) calendar days before the deposition.

f. The Party that noticed the Remote Deposition shall provide the Plaintiffs' healthcare provider and/or the healthcare providers' counsel with a copy of this Order.

g. To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition and disabling the "record" feature in the Remote Deposition Technology for the witness and attending attorneys. The Noticing Party and the Remote Deposition Vendor must ensure that only registered participants and

attendees are sent a link to join the deposition. No link should be posted on a website or otherwise made publicly available. The Remote Deposition Vendor shall maintain a list of all participants and attendees.

h. All deposition participants shall be reasonably familiar with the Remote Deposition platform and any other technology necessary to the deposition. To avoid unnecessary delays during the taking of the depositions, counsel for the deponent and the deponent shall spend whatever time is necessary in advance of the deposition to ensure that the deponent is reasonably fluent in the use of the technology. The parties agree to work collaboratively and in good faith to assess each deponent's technological abilities and to troubleshoot any issues in advance of the deposition so any adjustments can be made. The parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. The vendor providing the remote deposition services shall be available to the deponent and counsel for the deponent, well in advance of the scheduled deposition, to help explain and facilitate this process in order to ensure the deposition proceeds as seamlessly as possible. This provision shall not be interpreted to compel any party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent or counsel.

i. Every deponent shall have technology sufficient to appear for a remote deposition (e.g., a webcam and computer or telephone audio), and bandwidth

sufficient to sustain the remote deposition. Noticing Counsel shall consult with counsel for the deponent or, where applicable, the deponent's office prior to the deposition to ensure the deponent has the required technology. If not, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

j.  At the beginning of the Remote Deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the officer responsible for conducting the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.

k.  At the time of the deposition, the deponent shall advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to broadcast the witness. No participant shall substitute a "virtual background" for the actual room in which a participant is located unless otherwise agreed to by the parties. Nothing in this paragraph shall prohibit a deponent from using a physical background during depositions. Participants must each have access to a private, quiet, and secure room, which will be free of interruption and where confidentiality of the deposition will be preserved. Unless counsel for all parties consent to the presence of additional person(s), only counsel

defending the deposition, the witness's counsel (if different), and in-house counsel for the witness is/are permitted to be in the same room as the witness during remote testimony.

l.  A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including remote video capture/recording. With the exception of the videographer and the court reporter, the depositions may not otherwise be recorded electronically without the consent of the Parties. The fact that a deposition was noticed to take place remotely, and was recorded remotely, shall not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

m.  The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of any written transcript.

n.  Technical difficulties, including but not limited to pauses, lags, and/or interruptions in Internet connection, shall be addressed as they would be in any in-person deposition. The parties shall go off the record and attempt to resolve the issue. Technical difficulties shall not result in waiver of objections by any party. If the issue is not resolved within a reasonable amount of time during the deposition, the parties may (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or

(2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more. The court reporter and/or Remote Deposition Vendor shall alert the participants if any participant is disconnected from the deposition. If a participant is disconnected, the deposition shall be stopped immediately and resumed only after any connectivity issue is resolved.

5. If privileged information is disclosed during the deposition due to a technical disruption, or to the extent any privileged conversation between a deponent and the deponent's counsel is captured by a videoconferencing or other recording device, to the fullest extent permitted by Federal Rule of Evidence 502(d), such disclosure shall not be deemed a waiver of privilege.

6. Plaintiff's counsel and Defendants' counsel may share the documents that may be used during the deposition with the court reporter via electronic mail or other secure shared platform like Box or Dropbox.

7. The deponent is entitled to full and fair access to any exhibits upon which the deponent may be examined, consistent with the provisions below.

> (i) During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition via the Remote Deposition Technology through secure file sharing software (with download disabled for the witnesses). The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial.

(ii) If medical records are used as deposition exhibits, they will bear an LMI Bates stamp.

(iii) Plaintiff's counsel and Defendants' counsel shall share the documents that may be used during the deposition with the court reporter via electronic mail or other secure shared platform like Box or Dropbox.

8. Plaintiffs' counsel or Defendants' counsel may at their discretion elect to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's defending counsel, and the other Party's counsel. If counsel elects to mail physical copies of documents, counsel shall so inform the deponent's counsel or, where applicable, the deponent's office and the other Party's counsel and confirm the appropriate mailing address prior to mailing the documents. Counsel shall provide tracking information for the package. Documents mailed pursuant to this Paragraph shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent and the other Party's counsel shall confirm receipt of the package by electronic mail. Every recipient of a mailed package of potential deposition exhibits shall keep the package sealed and shall only unseal the package on the record, on video, and during the deposition when directed to do so by Counsel. Counsel are reminded that they are obligated to act in good faith and act in accordance with the rules of ethics and the obligations of this Order.

9. With the exception of official deposition exhibits, all deponents and counsel receiving documents before a deposition shall either (a) return the documents to the counsel who sent them originally within five (5) business days following the completion of the deposition; or (b) destroy the documents within two (2) business days following the completion

of the deposition. With the exception of official deposition exhibits, all deponents and counsel receiving documents before a deposition shall not view or retain the unused documents in any manner. The counsel that sent the documents prior to the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

**SO ORDERED**.

Signed: October 30, 2023

Robert J. Conrad, Jr.
United States District Judge