UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-md-03036-RJC

| | ) | |
|---|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

### SECOND CASE MANAGEMENT ORDER

1. This Second Case Management Order applies to all actions currently pending in or later transferred to *In re Gardasil Products Liability Litigation* ("MDL No. 3036") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its August 4, 2022 Transfer Order, all related actions originally filed in or removed to this Court, and any "tag-along" actions transferred to this Court by the JPML subsequent to the filing of the final Transfer Order (collectively "Member Actions").

2. Number of Rule 30(b)(1) Depositions: Plaintiffs may take up to thirty (30) Rule 30(b)(1) depositions of Defendants Merck & Co., Inc. and Merck Sharp & Dohme LLC's (collectively "Merck") employees (current and/or former) absent written agreement by the Parties, or, if the Parties reach an impasse after meeting and conferring in good faith, by order of the Court for good cause shown. If Plaintiffs notice a witness' Rule 30(b)(1) deposition, Plaintiffs will not seek any additional deposition time of that person on the basis that Merck has not yet finished producing documents from any source, absent agreement or order of the Court for good cause shown.

3. Number of Rule 30(b)(6) Depositions: Plaintiffs may issue no more than four (4) Rule 30(b)(6) deposition notices total (including the two notices previously issued as of

the date of this Order) absent written agreement by the Parties, or, if the Parties reach an impasse after meeting and conferring in good faith, by order of the Court for good cause shown. Each notice must generally involve the same examination topic (e.g., sales and marketing, regulatory). This agreement does not alter the parties' obligation under Rule 30(b)(6) to confer in good faith about the matters for examination and does not waive Merck's right to object to any served notice on scope or other grounds.

4. <u>Number of Document Sources</u>: Merck will produce documents from up to forty-two (42) Document Sources (custodial and noncustodial) in addition to the productions it has already made absent written agreement by the Parties, or, if the Parties reach an impasse after meeting and conferring in good faith, by order of the Court for good cause shown. This agreement does not constitute a waiver on scope, burden, relevance, or other objections. For each Document Source for which Merck makes a production, Merck will identify at the time of production whether or not it considers that production finished.

5. <u>Identification of Document Sources</u>: In order to conclude written discovery and comply with the fact discovery deadline, Plaintiffs will identify their requested Document Sources on a rolling basis as follows:

- Plaintiffs will identify twenty-one (21) Document Sources by November 13, 2023.
- Plaintiffs will identify at least five (5) additional Document Sources by December 15, 2023.

Nothing prevents Plaintiffs from identifying additional Document Sources sooner than this proposed schedule. Should Merck have any objections to Plaintiffs' request, the parties will meet and confer and attempt to resolve those objections within ten (10) days of the request. If

the parties cannot reach agreement after meeting and conferring, they should raise the issue promptly with the Court at the following MDL Conference to avoid delay. Plaintiffs' request for a Document Source made fewer than 45 days before the close of fact discovery will not be a basis for continuing the fact discovery deadline.

6. <u>Search Terms</u>: Prior to MDL No. 3036 being formed, Merck searched Document Sources identified in Exhibit A to ECF 48-1 using the terms contained in Exhibit B to ECF 48-1 (hereinafter "Original Search Terms"). Plaintiffs also requested additional search terms in their August 2023 correspondence (hereinafter "MDL Search Terms"). The Original Search Terms and the MDL Search Terms will be used in connection with any future document production. Merck will run the MDL Search Terms over the files of the custodians identified in Exhibit A to ECF 48-1 with the exception of 19 individuals identified by Plaintiffs in their October 20, 2023 correspondence. No additional search terms will be used absent written agreement by the Parties, or, if the Parties reach an impasse after meeting and conferring in good faith, by order of the Court for good cause shown.

7. <u>Deadlines</u>: As reflected in the October 2023 Joint Status Report (Doc. No. 113), the parties have requested an extension on the February 15, 2024 deadline for the close of fact discovery (for all general Merck fact discovery and Initial Bellwether Pool core initial workup) and the schedule for (i) the Parties' general causation expert discovery and Federal Rule of Evidence 702/*Daubert* motions and (ii) Merck's general causation and preemption motion for summary judgment as set forth in the First Case Management Order (Doc. No. 77). In the interest of coordination, the Court expects that Counsel for plaintiffs in California state court litigation, who also serves as co-lead counsel in the MDL, will jointly with Merck request an extension on the scheduled trial dates in each of the California matters (factoring in

holidays, conflicts, etc.) that would follow the extension entered in the MDL. The amended discovery schedule is set forth below. With the exception of the updated calendar deadlines below, all other aspects of the First Case Management Order (Doc. No. 77) remain ordered.

| | |
|---|---|
| February 15, 2024 | Written Discovery Deadline |
| June 13, 2024 | Close of fact discovery (all Merck fact discovery and Initial Bellwether Pool core initial workup) |
| June 20, 2024 | Plaintiffs' general causation and regulatory (if any) expert reports due |
| July 22, 2024 | Merck's general causation and responsive regulatory (if any) expert reports due |
| August 30, 2024 | Deadline for general causation expert discovery (with Plaintiffs' experts to be deposed first) |
| October 11, 2024 | General causation Rule 702/*Daubert* motions due<br>General causation and preemption motion(s) for summary judgment due |
| November 18, 2024 | Oppositions to general causation Rule 702/*Daubert* motions due<br>Oppositions to general causation and preemption motion(s) for summary judgment due |
| December 17, 2024 | Replies in support of general causation Rule 702/*Daubert* motions due<br>Replies in support of general causation and preemption motion(s) for summary judgment due |
| January 29-31, 2025 | The Court will hold Federal Rule of Evidence 702/*Daubert* motions hearings relating to Plaintiffs' General Causation witnesses, if the Court deems appropriate, on the following dates, as necessary:<br><br>January 29, 2025;<br>January 30, 2025; and<br>January 31, 2025.<br><br>Plaintiffs request that the Court hold a full hearing on any Federal Rule of Evidence 702/*Daubert* motions relating to Plaintiffs' General Causation witnesses. The Court is not ruling at this time that it will hold such hearings, but will tentatively reserve such dates for hearings as the Court deems appropriate at a later time. |

**SO ORDERED.**

Signed: January 3, 2024

Robert J. Conrad, Jr.
United States District Judge