UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-MD-03036-KDB

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL BELLWETHER CASES |

**MERCK'S OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO MOVE TO EXCLUDE DR. DAVID FEIGAL, JR.**

Plaintiffs' counsel first approached Merck's counsel on November 25 and announced their plan to move to exclude Merck's regulatory expert Dr. David Feigal nearly one month after the November 1, 2024, deadline to do so. Merck's counsel informed Plaintiffs' counsel that Merck objected to their request to seek leave to move out of time. Two days later, after close of business the day before the Thanksgiving holiday, Plaintiffs' counsel proceeded to contemporaneously file the motion even though this Court had not yet granted their motion for leave to file it out of time. Plaintiffs' late motion came on the heels of requests Plaintiffs had made to Merck's counsel for extensions on other filings in the previous week—during which Plaintiffs' counsel never mentioned any plan to move to exclude Dr. Feigal.

Merck opposes Plaintiffs' after-the-fact request to file their motion weeks late. *See* ECF 197, Bellwether Plaintiffs' Motion for Leave to File Motion to Exclude Expert Report and Testimony of Dr. David Feigal, Jr. ("Mot."); ECF 197-1–197-7 (motion to exclude Dr. Feigal and exhibits thereto). In seeking leave to file out of time, Plaintiffs do not even mention the "excusable neglect" standard, which governs their request now that the deadline has passed—and Plaintiffs

1

certainly cannot satisfy that exacting standard.

Should the Court permit Plaintiffs to file the motion, Merck emphasizes it does not rely on Dr. Feigal's testimony or his report in Merck's pending motion for summary judgment on preemption grounds. The Court therefore need not await briefing on Plaintiffs' belated motion to resolve Merck's motion for summary judgment, which will be fully briefed on or before December 20, 2024.

## I. Plaintiffs Do Not Address, and Cannot Show, the "Excusable Neglect" Required to Extend their *Daubert* Deadline by Nearly a Month.

Under the schedule carefully negotiated by all parties, and ordered by the Court, Plaintiffs' deadline to file "Regulatory expert Rule 702/*Daubert* motions" was set for November 1, 2024. ECF 168, Order Modifying Second Case Management Order at 1. Plaintiffs have now asked to file such a motion on November 27, nearly a month late, citing only the "good cause" standard of Rule 16. Mot. at 1–2.

Plaintiffs nowhere mention the "excusable neglect" standard—a "very high bar" that Rule 6(b) sets for them to file their motion several weeks late—and Plaintiffs cannot satisfy the standard. *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 791 (E.D. Va. 2013); Fed. R. Civ. P. 6(b)(1)(B). The "excusable neglect" standard focuses on "the reason for the failure to timely file" and offers relief only in "extraordinary cases where injustice would otherwise result." *Smith*, 933 F. Supp. 2d at 791 (citing *Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008)).

Plaintiffs' motion for leave does not satisfy this standard, or even a good-cause standard. Plaintiffs cannot show any good reason for their delay, and particularly offer nothing to explain their lack of diligence in contacting either Merck or the Court before the end of November to ask permission to file a motion that was due November 1. *See* Mot. at 2. Plaintiffs rely entirely on the timing of Dr. Feigal's deposition, which they obliquely acknowledge was delayed because of

Plaintiffs' own regulatory expert's unavailability:

- Plaintiffs acknowledge that Merck offered them an opportunity to depose Dr. Feigal on **October 15**—before the close of regulatory expert discovery and weeks before their Rule 702/*Daubert* motion deadline. ECF 168 at 1; Mot. at 2. Plaintiffs ultimately deposed Dr. Feigal on November 15. Mot. at 2.

- As Plaintiffs further acknowledge, their own regulatory expert's conflict caused the delay. Merck agreed to depose Dr. Amato on October 10 before Plaintiffs retracted that date and offered Dr. Amato's deposition on the last day of regulatory expert discovery. Mot. at 2.

- Plaintiffs' decision to offer their own expert for a deposition on the last day of expert discovery necessarily pushed Dr. Feigal's deposition to a later date: under the parties' agreed schedule entered by the Court, Plaintiff's regulatory expert was "to be deposed first," before Dr. Feigal. ECF 168 at 1.

Although the parties agreed that expert ***discovery*** could occur beyond the set deadline, no party proposed altering the operative ***briefing*** deadlines. Plaintiffs never requested to do so, and Merck never agreed to do so. Plaintiffs never conferred with Merck's counsel as to the Rule 702/*Daubert* motion deadline, sought relief from the Court, or even stated that they planned to move to exclude Dr. Feigal's testimony until November 25. Plaintiffs' untimely request should thus be denied. *See Smith*, 933 F. Supp. 2d at 791 ("A party's failure to act with diligence precludes a finding of excusable neglect.").

Beyond their lack of a good reason for delay, and lack of diligence, Plaintiffs cannot show they acted in "good faith" as is required for an after-the-fact extension. *Id.* at 791 (citing *Bredell*, 290 F. App'x at 565). Courts have ruled that a party who "failed to contact the Court or opposing counsel" "to request additional time" after becoming "aware of the potential for delay" did not "demonstrate[] . . . good faith effort" as the test for excusable neglect demands. *See Watson v. Bd. of Dirs. of William Penn Sch. Dist.*, No. CIV.A. 05-5760, 2006 WL 2506359, at *1–2, 4 (E.D. Pa. Aug. 29, 2006) (lack of excusable neglect shown for late extension request despite claim that "a large tree fell on Plaintiffs' Counsel's home"). That logic applies here, where Plaintiffs' counsel did not contact Merck or the Court until nearly a month after the deadline had already expired, and

on the eve of filing the motion, even though Plaintiffs' counsel contacted Merck to request other MDL briefing extensions in recent weeks. *See* ECF 195.[1]

## II. If the Court Allows Plaintiffs' Motion for Leave, It Need Not Delay Resolution of Merck's Motion for Summary Judgment on Implied Preemption Grounds.

Should the Court permit Plaintiffs to file their motion to exclude Dr. Feigal, it need not delay any consideration of Merck's summary judgment motion on implied preemption grounds. *See* ECF 189. Merck does not rely on, or even cite, Dr. Feigal's testimony or his report in its motion. And Plaintiffs agree that their delay "will have no impact on judicial proceedings." Mot. at 2. What is more, as Merck explained in the motion for summary judgment, experts are irrelevant to preemption, a ***legal*** question, and thus should have no effect on the motion in any event. *See In re Zofran (Ondansetron) Prods. Liab. Litig.*, 57 F.4th 327, 339–40 (1st Cir. 2023); ECF 189, Mem. In Supp. of Mot. for Summary Judgment on Grounds of Implied Preemption at 17.

\* \* \*

Merck respectfully requests that the Court deny Plaintiffs' motion for leave to file their *Daubert* motion after expiration of the deadline to do so.

DATED: December 2, 2024                          Respectfully submitted,

                                                              */s/* David C. Wright III
                                                              David C. Wright III
                                                              *Liaison Counsel for Merck*
                                                              ROBINSON, BRADSHAW & HINSON P.A.
                                                              101 N. Tryon Street, Suite 1900

---

[1] Courts have granted motions to strike documents filed by a party for violation of deadlines and other court rules, and Merck alternatively asks that this Court strike Plaintiffs' motion and all exhibits thereto given Plaintiffs' failure to comply with the Court's deadlines. *See, e.g.*, *Dwonzyk v. Baltimore Cnty., Md.*, 328 F. Supp. 2d 572, 578 (D. Md. 2004) (granting motion to strike filing that violated Court rules); *McFadyen v. Duke Univ.*, No. 1:07CV953, 2014 WL 12595370, at \*5, 6–7 (M.D.N.C. Apr. 17, 2014) (similar).

Charlotte, NC 28246
Telephone: (704) 377-8322
Facsimile: (704) 373-3922
dwright@robinsonbradshaw.com

Allyson M. Julien
*Co-Lead Counsel for Merck*
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
Telephone: (312) 881-5968
Facsimile: (312) 881-5191
ajulien@goldmanismail.com

David E. Dukes
*Co-Lead Counsel for Merck*
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main St., 17th Floor
Columbia, SC 29201
Telephone: (803) 255-9451
Facsimile: (803) 256-7500
david.dukes@nelsonmullins.com